## BANDFIELD *v.* BANDFIELD.

1. MARRIED WOMEN—DIVORCE—TORTS—ACTION AGAINST HUSBAND.
   A divorced woman cannot maintain an action against her former husband for a personal tort committed upon her while they were living together as husband and wife.[1]

2. STATUTES—CONSTRUCTION.
   A statute will not be extended by implication to abrogate plain and long-established rules of the common law.

---

[1] Actions between husband and wife under modern statutes is the subject of a note to *McKendry* v. *McKendry*, (Pa.) 6 L. R. A. 506.

Error to Ionia; Davis, J.   Submitted April 20, 1898. Decided May 17, 1898.

Case by Emma S. Bandfield against Charles A. Bandfield for personal injuries.   From a judgment for defendant on demurrer to the declaration, plaintiff brings error. Affirmed.

The declaration alleges that plaintiff and defendant were married November 19, 1879, and lived and cohabited together as husband and wife continuously until April 29, 1896; that defendant then deserted her, and that on February 9, 1897, she procured a decree of divorce from him; that about the month of October, 1893, defendant incurred a loathsome and incurable venereal disease, and communicated the same to her.   She has brought this suit at law for damages for such wrong. .  The defendant interposed a demurrer, which was sustained.

*R. A. & W. E. Hawley*, for appellant.

*F. C. Miller*, for appellee.

GRANT, C. J. (*after stating the facts*).   The sole question is:  Can a wife maintain suit against her husband for a personal tort, committed upon her while they were living together as husband and wife ?  We answered this question in the negative in the case of *Wagner* v. *Wayne Circuit Judge*, decided November 17, 1897.   In that case the husband had uttered a gross libel against his wife.   She brought suit by *capias ad respondendum*, and the proceedings were quashed by the circuit judge, for the reason that the wife could not maintain the suit against her husband.   The wife applied to this court for the writ of *mandamus* to compel the circuit judge to vacate that order.   The writ was denied, and the order of the circuit judge sustained.   No opinion was written.   But the sole and identical question there in-

117 MICH.—6.

volved is the same as is involved in this suit. The briefs there filed pursued the same line of argument and cited the same authorities as are now cited. Counsel cite the married woman's act of this State as conferring this right. This act is found in 2 How. Stat. §§ 6295, 6297, which read as follows:

"The real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female.   *   *   *

"Actions may be brought by and against a married woman in relation to her sole property, in the same manner as if she were unmarried."

In many decisions the courts of many of the States, notwithstanding the statutes conferring rights upon a married woman over her separate property not possessed at the common law, have thus far, without exception, denied the right of a wife to sue her husband for personal wrongs committed during coverture. No such right is conferred by our statute unless it be by implication. The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations. The rule is thus stated in 9 Bac. Abr. tit. "Statute," I (4), 245:

"In all doubtful matters, and where the expression is in general terms, statutes are to receive such a construction as may be agreeable to the rules of the common law in cases of that nature; for statutes are not presumed to make any alteration in the common law, farther or otherwise than the act expressly declares. Therefore, in all general matters the law presumes the act did not intend to make any alteration; for, if the parliament had had that design, they would have expressed it in the act."

The result of plaintiff's contention would be another step to destroy the sacred relation of man and wife, and to open the door to lawsuits between them for every real and fancied wrong,—suits which the common law has refused

on the ground of public policy. This court has gone no further than to support the wife, under the married woman's act, in protecting her in the management and control of her property. It has sustained her right to an action for assault and battery, for slander, and for alienation of her husband's affections against others than her husband. *Berger* v. *Jacobs*, 21 Mich. 215; *Leonard* v. *Pope*, 27 Mich. 145; *Rice* v. *Rice*, 104 Mich. 371. At the same time, it has held that the wife could not enter into a partnership or other business with her husband, and thus become responsible for the contracts and debts of her husband. *Artman* v. *Ferguson*, 73 Mich. 146 (2 L. R. A. 343, 16 Am. St. Rep. 572); *Edwards* v. *McEnhill*, 51 Mich. 160. Personal wrongs inflicted upon her give her the right to a decree of separation or divorce from her husband, and our statutes have given the court of chancery exclusive jurisdiction over that subject. This court, clothed with the broad powers of equity, can do justice to her for the wrongs of her husband, so far as courts can do justice, and, in providing for her, will give her such amount of her husband's property as the circumstances of both will justify, and, in so doing, may take into account the cruel and outrageous conduct inflicted upon her by him, and its effect upon her health and ability to labor. 2 Am. & Eng. Enc. Law (2d Ed.), 120; 2 How. Stat. § 6245. In the absence of an express statute, there is no right to maintain an action at law for such wrong. We are cited to no authority holding the contrary. We cite a few sustaining the rule: *Abbott* v. *Abbott*, 67 Me. 304 (24 Am. Rep. 27); *Freethy* v. *Freethy*, 42 Barb. 641; *Peters* v. *Peters*, 42 Iowa, 182; *Schultz* v. *Schultz*, 89 N. Y. 644; Cooley, Torts, 228; Schouler, Dom. Rel. § 52; Newell, Defam. 366; Townsh. Sland. & L. § 300.

Judgment affirmed.

The other Justices concurred.