KIRCHER v. KIRCHER.

1. HUSBAND AND WIFE—PERSONAL TORT.
   Neither husband nor wife may bring an action against the other for personal tort in this State even though the tort was committed in a State where such action is permissible.

2. CONFLICT OF LAWS—PUBLIC POLICY OF FORUM—COMITY.
   To permit a married woman to bring an action against her husband for personal injuries received by her incident to operation of an automobile and house trailer in Colorado where such action is permitted would be a recognition of the doctrine of comity in contravention of the public policy of this forum.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 5, 1939. (Docket No. 15, Calendar No. 40,236.) Decided June 5, 1939.

Case by Hilda Kircher against John Kircher, her husband, for damages for personal injuries suffered in an automobile accident in Colorado. Judgment for defendant. Plaintiff appeals. Affirmed.

*Shapero & Shapero* and *Carlyle Michelman,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

WIEST, J. Plaintiff is the wife of defendant and appeals from a judgment holding that she cannot recover damages against her husband in the courts of this State for injuries she sustained in the State of Colorado, by reason of his negligent operation of an automobile.

The parties, residents of Michigan, in July, 1936, made a pleasure trip to the State of Colorado by automobile and attached house trailer. In Colorado, while aiding her husband in an endeavor to pull the house trailer from a spot where it was stuck, she claims that defendant so negligently operated the automobile as to cause severe injuries to her person.

The circuit judge held that under the law of this State, expressive of public policy, a wife may not recover damages against the husband for injuries occasioned by his negligence, whether the act was committed here or elsewhere.

Plaintiff contends that the negligence having occurred in the State of Colorado, where the law permits a recovery, there is right to have recovery here.

It is conceded that no such action by a wife against her husband can accrue in this State. *Bandfield* v. *Bandfield*, 117 Mich. 80 (40 L. R. A. 757, 72 Am. St. Rep. 550); *Harvey* v. *Harvey*, 239 Mich. 142; *Riser* v. *Riser*, 240 Mich. 402 (27 N. C. C. A. 518).

Does the fact that the place of accident was in another State where such right of action is recognized (*Rains* v. *Rains*, 97 Col. 19 [46 Pac. (2d) 740]) accord the right to bring action here?

Plaintiff invokes the law of the place of injury which is contrary to the law of the forum she has selected to have the trial.

The law of Colorado is in conflict with the established public policy in this jurisdiction. In *Rains* v. *Rains, supra,* the supreme court of Colorado stated:

"In view of the broad, liberal provisions of the Constitution and statutes of this State and the liberal construction thereof adopted by the courts of this State, we are unwilling to follow the decisions of courts that hold that a wife has no right to sue her husband for a personal injury caused by him. The following cases, holding that a wife may sue her hus-

band for such an injury, seem to us to define more justly the legal rights of married women in this day and age.''

Citing the very cases we declined to follow in *Harvey* v. *Harvey, supra.*

Plaintiff invokes the doctrine of comity. To recognize comity in this instance would contravene the public policy of this forum.

As has been stated, it is contrary to public policy in this State to permit one spouse to sue the other for negligent injury, and this closes the court to the action at bar brought by a resident of Michigan against her husband for a tort committed in Colorado. .

Affirmed, with costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.