HOSKO v. HOSKO

OPINION OF THE COURT

1. STATUTES—MARRIED WOMEN—DISABILITIES—ACTION.

Language of statute providing that "actions may be brought by and against a married woman as if she were unmarried" clearly removes any heretofore provided protections and disabilities of a married woman inherent in the married state (MCLA § 600.2001).

2. HUSBAND AND WIFE—TORTS—INTERSPOUSAL TORT ACTION—STATUTES.

The Revised Judicature Act of 1961 has abrogated the doctrine of interspousal immunity insofar as women are concerned and an action is maintainable by the guardian of a wife, who was injured while a passenger in a car driven by her husband and alleging negligence and gross negligence by the husband in the suit against him; conversely, in a suit brought by a husband against a wife, the action would also be maintainable in accordance with the clear language of the statute which provides "actions may be brought by and against a married woman as if she were unmarried" (MCLA § 600.2001).

DISSENTING. OPINION

T. E. BRENNAN, J.

3. HUSBAND AND WIFE—TORTS—INTERSPOUSAL TORT ACTION—COMMON LAW.

*Interspousal tort immunity is not merely a procedural bar; it is a substantive rule of the common law.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Husband and Wife §§ 515, 518.
[1–9] Right of one spouse to maintain action against other for personal injury. 43 ALR2d 632.
[2, 4] 41 Am Jur 2d, Husband and Wife §§ 524–526.
[3, 5] 41 Am Jur 2d, Husband and Wife §§ 515, 522.
[6, 7] 41 Am Jur 2d, Husband and Wife §§ 5–9.
[8, 9] 1 Am Jur 2d, Actions §§ 55, 56.

4. STATUTES—PROCEDURAL STATUTE—HUSBAND AND WIFE—TORTS—INTERSPOUSAL TORT ACTION—DISABILITIES—COMMON LAW.

*An amendment to the married women's act providing that "actions may be brought by and against a married woman as if she were unmarried" deals with procedure and, to give the spouses a right to sue each other for personal tort, it is not enough that the statute merely give one a remedy against the other, but it is necessary that it expressly confer such a right of action, since the common-law disability goes not merely to the remedy but to the cause of action (MCLA § 600.2001).*

5. HUSBAND AND WIFE—TORTS—INTERSPOUSAL TORT ACTION—COMMON LAW.

*The common-law rule of immunity from tort liability between husband and wife is based upon sound reasons of policy, as marriage is the foundation of family life and it is perceived that lawsuits between spouses, seeking money damages for real and fancied injuries, are incompatible with harmonious marriage.*

6. HUSBAND AND WIFE—CONSORTIUM.

*The unity of man and woman in the married state is still a reality, the marriage contract itself imposes legal duties and gives legal rights to both spouses, and the term "consortium" is the sum total of the status and rights of the parties resulting from the relationship.*

7. HUSBAND AND WIFE—COMMON LAW—LIABILITIES.

*The duties of husband and wife have never been the subject of common-law liability; though the husband was entitled to the wife's services, he could not bring assumpsit to recover their value from her; and, though a wife was entitled to support from her husband, the common law gave no civil remedy as she had no cause to sue him for money damages.*

8. HUSBAND AND WIFE—TORTS—INTRASPOUSAL TORT ACTION—LIABILITY INSURANCE.

*The conclusion is inescapable that the* sine quo non *of intraspousal civil damage litigation is liability insurance.*

9. HUSBAND AND WIFE—TORTS—INTRASPOUSAL TORT ACTION—ADVERSARY LITIGATION—JOINT VENTURE—LIABILITY INSURANCE.

*Intraspousal tort litigation can hardly be called adversary; it is more like a joint venture to collect from the insurance company.*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and Danhoff, JJ., reversing Wayne, George E. Bowles, J. Submitted April 7, 1971. (No. 6 April Term 1971, Docket No. 52,695.) Decided June 2, 1971.

20 Mich App 416 reversed.

Complaint by Alice Hosko, as guardian for Eleanor Hosko, a mental incompetent, against Steve Hosko for injuries resulting from an automobile collision. Motion by defendant for summary or accelerated judgment denied. Defendant appealed to the Court of Appeals. Reversed. Plaintiff appeals. Reversed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for plaintiff.

*Garan, Lucow, Miller & Lehman* (by *David J. Cooper*), for defendant.

PER CURIAM. Eleanor Hosko was a passenger in a car driven by her husband, Steve Hosko. The car was involved in an accident on July 6, 1965, in which she suffered serious injury, including brain damage. She has been declared a mental incompetent.

Suit was brought by Alice Hosko, guardian for Eleanor Hosko, alleging negligence and gross negligence by defendant. Eleanor Hosko and Steve Hosko are still married. Defendant filed motion for summary judgment arguing that the suit is barred by the doctrine of interspousal immunity. Circuit Court Judge George E. Bowles denied the motion and also a motion for rehearing. The Court of Appeals granted defendant's application for

leave to appeal and reversed, Chief Judge LESINSKI dissenting.  (20 Mich App 416.)  We granted leave to appeal.  (383 Mich 804.)

Plaintiff challenges the continuing validity of the interspousal immunity doctrine and cites the amendment of the former judicature act[1] at the time of adoption of the Revised Judicature Act of 1961, effective January 1, 1963, as indicative of legislative intent to abolish common law interspousal immunity. (MCLA §§ 600.2001, 600.9911 [Stat Ann 1962 Rev §§ 27A.2001, 27A.9911]).

Whether the common law doctrine of interspousal immunity had been affected by statute was first considered by this Court in *Bandfield* v. *Bandfield* (1898), 117 Mich 80.  The statute at that time read:

"Actions may be brought by and against a married woman in relation to her sole property, in the same manner as if she were unmarried  *  *  *  ."

This Court said (p 82):

"In many decisions the courts of many of the States, notwithstanding the statutes conferring rights upon a married woman over her separate property not possessed at the common law, have

[1] In his appellate brief, plaintiff's counsel refers incorrectly to the legislative amendment as a 1963 revision of the married women's act.  That act is PA 1855, No 168, being CL 1948, § 557.1 *et seq.* (Stat Ann 1957 Rev § 26.161 *et seq.*).  It formerly contained a § 3 relating to actions by and against a married woman concerning her sole property.  Although not expressly repealed in The Judicature Act of 1915, the language of § 3 was reenacted and superseded by § 5 of chapter 12 of the 1915 act and became CL 1948, § 612.5 (Stat Ann § 27.657).  This section was expressly repealed in the Revised Judicature Act of 1961.  See PA 1961, No 236, ch 99, being MCLA § 600.9901 (Stat Ann 1962 Rev § 27A.9901).  The Judicature Act of 1915 added a new section which became CL 1948, § 612.6 (Stat Ann § 27.658), reading as follows:
"Whenever a cause of action shall accrue to, or arise against any married woman, she may sue or be sued in the same manner as if she were sole."
This section was also repealed by the Revised Judicature Act of 1961.

thus far, without exception, denied the right of a wife to sue her husband for personal wrongs committed during coverture. No such right is conferred by our statute unless it be by implication. The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations."

In *Harvey* v. *Harvey* (1927), 239 Mich 142, the argument was again made, plaintiff pointing out that the statute discussed in *Bandfield* had been amended in the meantime to read as follows:

"Whenever a cause of action shall accrue to, or arise against any married woman, she may sue or be sued in the same manner as if she were sole."

This Court said (p 146):

"This graphically points out the unsoundness of the assertion that, granting the wife right to sue as though a *femme sole,* gives her a right of action not accorded the husband. Surely the legislature, in conferring equality of right to sue, did not confer a right of action never possessed by husband or wife at common law. While married women's acts of the various States differ somewhat in phraseology they are quite alike in purpose and effect."

In *Riser* v. *Riser* (1927), 240 Mich 402, this Court held that a wife cannot sue her husband for damages occasioned by his negligent act and thus cannot sue someone vicariously responsible for the husband's act.

In *Kircher* v. *Kircher* (1939), 288 Mich 669, this Court was asked, as a matter of comity, to follow Colorado law since, if plaintiff had brought her lawsuit in Colorado, the situs of the tort, she would have been allowed to sue her husband. This Court

declined to do so because "to recognize comity in this instance would contravene the public policy of this forum."

From the above cases, it must be concluded:

1. That the doctrine of interspousal immunity has prevailed in Michigan, and

2. That no statute considered by this Court up to the present time has had the effect of altering that doctrine.

In *Mosier* v. *Carney* (1965), 376 Mich 532, interspousal suits were held to be maintainable in certain limited areas.

Effective in 1963, the legislature changed the language of the statute, considered in *Harvey*, to read: "Actions may be brought by and against a married woman as if she were unmarried." (MCLA § 600-.2001 [Stat Ann 1962 Rev § 27A.2001]).[2]

It is the contention of defendant that all MCLA § 600.2001 (Stat Ann 1962 Rev § 27A.2001) does is to restate the former statute in a shorter form. It should be noted that the language of the former statute is conditional—"whenever a cause of action shall accrue to"—whereas, the new language clearly removes any heretofore provided protections or disabilities of a married woman inherent in the married state—"actions may be brought by and against a married woman as if she were unmarried."

It must be concluded that the Revised Judicature Act of 1961 has abrogated the doctrine of interspousal immunity insofar as women are concerned and that the action in this case is maintainable by plaintiff. Conversely, in a suit brought by a hus-

---

[2] In *Mosier, supra* at 591, one of the Justices dissenting pointed to the new language appearing in section 600.2001 and suggested that it may have effected a change both of purpose and legislative intent sufficient to overcome the previous judicial views recorded in the *Harvey, Riser* and *Kircher* cases. The causes considered in *Mosier* arose of course prior to the effective date of the Revised Judicature Act, of which section 600.2001 is a part.

band against a wife, the action would also be maintainable in accordance with the clear language of the statute.

The Court of Appeals is reversed. Costs to appellant.

T. M. Kavanagh, C. J., and Black, Adams, T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

T. E. Brennan, J. (*dissenting*). I cannot agree with the opinion submitted for the Court.

Interspousal immunity is not merely a procedural bar; it is a substantive rule of the common law.

The 1963 amendment to the married women's acts, quoted in the Court's opinion deals with procedure.

To give the spouses a right to sue each other for personal tort, it is not enough that the statute merely give one a remedy against the other, but it is necessary that it expressly confer such a right of action, since the common-law disability goes not merely to the remedy but to the cause of action. 41 Am Jur 2d, Husband and Wife, §526, p 446.

"In many decisions the courts of many of the States, notwithstanding the statutes conferring rights upon a married woman over her separate property not possessed at the common law, have thus far, without exception, denied the right of a wife to sue her husband for personal wrongs committed during coverture. No such right is conferred by our statute unless it be by implication. The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations. The rule is thus stated in 9 Bac. Abr. tit. 'Statute,' I 4), 245:

" 'In all doubtful matters, and where the expression is in general terms, statutes are to recieve such

a construction as may be agreeable to the rules of the common law in cases of that nature; for statutes are not presumed to make any alteration in the common law, farther or otherwise than the act expressly declares. Therefore, in all general matters the law presumes the act did not intend to make any alteration; for, if the parliament had had that design, they would have expressed it in the act.'" *Bandfield* v. *Bandfield* (1898), 117 Mich 80.

The common-law rule of immunity from tort liability between husband and wife is based upon sound reasons of policy. Marriage is the foundation of family life. The family is the basic unit of society; the cornerstone of the community, the state and the nation. It is perceived that lawsuits between spouses, seeking money damages for real and fancied injuries, are incompatible with harmonious marriage.

Another reason persists. The unity of man and woman in the married state is still a reality. The marriage contract itself imposes legal duties and gives legal rights to both spouses. We have come to speak of "consortium" as the sum total of the status and rights of the parties resulting from the relationship.

The duties of husband and wife have never been the subject of common-law liability. Though the husband was entitled to the wife's services, he could not bring assumpsit to recover their value from her. Though a wife was entitled to support from her husband, the common law gave no civil remedy. She could invoke criminal sanctions. She could petition the court of equity. She has no cause to sue him for money damages.

"Personal wrongs inflicted upon her give her the right to a decree of separation or divorce from her husband, and our statutes have given the court of

chancery exclusive jurisdiction over that subject. This court, clothed with the broad powers of equity, can do justice to her for the wrongs of her husband, so far as courts can do justice, and, in providing for her, will give her such amount of her husband's property as the circumstances of both will justify, and, in so doing, may take into account the cruel and outrageous conduct inflicted upon her by him, and its effect upon her health and ability to labor." *Bandfield* v. *Bandfield* (1898), 117 Mich 80.

The wisdom of the common-law policy abides.

To what end would a wife hire a lawyer—on a one-third contingent fee basis—to bring an action for damages against her husband?

If the husband has no liability insurance, the procedure is an exercise in futility.

The conclusion is inescapable that the *sine qua non* of intraspousal civil damage litigation is liability insurance.

The economic interests of husband and wife are closely entwined. The husband usually pays his wife's medical bills; joins as plaintiff to recover them from third party tortfeasors. Each spouse has a derivative action for loss of consortium.

Even without these patent interests, it is obvious that a plaintiff spouse's success in litigation will have substantial effect on the family finances.

Intraspousal tort litigation can hardly be called adversary. It is more like a joint venture to collect from the insurance company.

The wrongdoer profits from his own wrongful act. That doesn't seem like a very good way to reduce the toll of human injuries. True, nobody likes to get hurt. As a general rule, people don't injure themselves or their loved ones on purpose. But accidents do happen, and frequently they reflect a

cross-current of human emotions and urges too subtle for most of us to perceive.

Married tempers often fly. So do pots, pans, fists and worse. Apologies and caresses will no longer be the only available balm. In Michigan at least, we can well envision the family donnybrook ending with the husband calling his insurance agent, the wife calling her lawyer and both entertaining visions of better days ahead.