Dora Angeline TUCKER, Plaintiff,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, a Virginia Corporation, Defendant and Third-Party Plaintiff,

v.

Thomas Henry TUCKER and Sherman E. Tucker, Third-Party Defendants.

Civ. A. No. 4-72453.

United States District Court, E. D. Michigan, S. D.

Nov. 28, 1975.

George J. Bedrosian, Goodman, Eden, Millender, Goodman & Bedrosian, Detroit, Mich., for plaintiff.

Carson C. Grunewald, Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., for defendant and third party plaintiff.

Milton Lucow, Garan, Lucow, Miller, Lehman, Seward & Cooper, Detroit, Mich., for third party defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff, Dora Tucker, commenced this diversity action against Norfolk and Western Railway for personal injuries allegedly sustained in a grade crossing collision between its train and an automobile driven by her husband, Thomas Tucker. Norfolk and Western impleaded Thomas for contribution or indemnification, alleging primarily negligence, gross negligence, and last clear chance.

Thomas brought this motion for summary judgment, arguing that he is immune from suit under Ohio's rule of interspousal immunity. He argues that under Michigan conflicts rules, the law of the place of the wrong governs negligence actions; therefore, because the accident was in Ohio, the law of Ohio would govern. He reasons that because Dora would be unable to maintain an action against him under Ohio law, Norfolk and Western likewise should be barred from impleading Thomas as a third party defendant.

This conflicts problem arises because while Ohio continues to adhere to the doctrine of interspousal immunity, *Lyons v. Lyons*, 2 Ohio St.2d 243, 208 N.E.2d 533 (1965), Michigan has expressly abolished it. *Hosko v. Hosko*, 385 Mich. 39, 187 N.W.2d 236 (1971), construing Mich.Comp.Laws Ann. § 600.-2001. For the reasons set forth below, this court holds that Michigan law governs and that the third party suit against Thomas is not barred by the doctrine of interspousal immunity.

Michigan's conflicts of laws rule for tort actions is that the law of the place of the wrong governs. *Abendschein v. Farrell*, 382 Mich. 510, 170 N.W.2d 137 (1969). However the Michigan supreme court in *Abendschein* asked the reader to bear "in constant mind" that "no intra-family litigation" was involved. 382 Mich. at 519, 170 N.W.2d 137.

This is a case that does involve intra-family litigation, and *Abendschein* therefore does not govern. Rather, the law which determines the applicability of intra-family immunities is the law of the state of the parties' domicile. *Haumschild v. Continental Casualty Co.,* 7 Wis.2d 130, 95 N.W.2d 814 (1959); *Emery v. Emery,* 45 Cal.2d 421, 289 P. 2d 218 (1955); *Restatement (Second) of Conflicts of Laws* § 169 (1971). The domiciliary state "has the primary responsibility for establishing and regulating the incidents of a family relationship and it is the only state in which the parties can, by participating in the legislative processes, effect a change in those incidents." *Emery, supra,* 289 P. 2d at 223.

In *Kircher v. Kircher,* 288 Mich. 669, 286 N.W. 120 (1939), the Michigan supreme court held that the rule of *lex loci delicti* would not govern a suit for injuries to a Michigan plaintiff incurred in Colorado because the parties were husband and wife, and "it is contrary to public policy in this State to permit one spouse to sue the other for negligent injury." 288 Mich. at 671, 286 N.W. at 121.

Since *Kircher,* Michigan has abolished interspousal immunity. *See Hosko, supra;* Cooperrider, *Torts, 1971 Ann.Survey of Mich.Law,* 18 *Wayne L.Rev.* 503, 529–35 (1972). Thus the question now is whether Michigan's present policy permitting suits between spouses is the same kind of "public policy" referred to in *Kircher* and specifically excepted from the rule of *lex loci delicti* in *Abendschien,* although it is opposite in result. The court holds that it is, and accordingly rejects the rule of *lex loci* in favor of the law of Michigan, the domicile of the parties.

The rule, stated in *Emery, Haumschild,* and the *Restatement (Second),* is that the domiciliary state's overwhelming interest in the spousal relationship requires deference to its law in determining the applicability of spousal immunities. *Kircher,* although not so stating, actually reflects that rule. In *Kircher,* the Michigan supreme court, by its holding, if not its doctrine, established that the entire subject of spousal immunity is a matter of this state's public policy. Michigan's rejection of immunity in *Hosko* is no less a matter of public policy than its adherence to it in earlier years. The construction placed upon the statute in *Hosko* reflects a determination that the modern spousal relationship is capable of bearing, and ought to bear, certain legal responsibilities that in an earlier time were foreclosed by the legal unity of husband and wife.

It is fair to say that the decision in *Kircher,* the holding in *Hosko,* and the exception in *Abendschein* indicate that Michigan has taken a small but definite step away from its long expressed view that *lex loci* should be the conflicts of laws rule in all tort actions.

Thomas' motion for summary judgment is therefore denied.

So ordered.