SEXTON v RYDER TRUCK RENTAL, INC.

Docket No. 77-4340. Submitted April 3, 1978, at Grand Rapids.—Decided June 6, 1978. Leave to appeal applied for.

Richard W. Sexton, an employee of the Kalamazoo Valley Plant Growers, and a co-worker, both Michigan residents, were operating a truck leased to the Plant Growers by Ryder Truck Rental, Inc., a Florida corporation. The truck overturned in Virginia and Mr. Sexton sustained serious personal injuries. Mr. Sexton and his wife filed suit in Kalamazoo Circuit Court against Ryder Truck Rental, Inc. The court, Robert L. Borsos, J., granted summary judgment to defendant for the reason that Virginia law, which did not provide for liability of owners of motor vehicles, governed. Plaintiffs appeal. *Held:*

The ancient doctrine of *lex loci delicti* applies to suits for personal injury arising out of motor vehicle accidents and the mere fact that Michigan statutory regulations of the rights of accident victims may vary from the provisions of the *lex loci,* or even the common law governing such rights, is not a reason for holding that the *lex loci* contravenes Michigan public policy.

Affirmed.

D. C. RILEY, J., concurred in result only.

1. AUTOMOBILES—CONFLICTS OF LAW—LEX LOCI DELICTI.

The doctrine of *lex loci delicti* applies to suits arising out of motor vehicle accidents.

2. AUTOMOBILES—CONFLICTS OF LAW—LEX LOCI DELICTI—PUBLIC POLICY.

The fact that Michigan statutory regulations of the rights of motor vehicle accident victims may differ from the *lex loci delicti,* or even the common law regarding such rights, is not a reason for holding that the law of the foreign jurisdiction contravenes public policy.

*Randolph McCarthy, Jr.,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 466.

*James, Dark, Craig & Brill,* for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and
D. C. RILEY, JJ.

J. H. GILLIS, J. This matter involves the ancient
doctrine of *lex loci delicti.*[1] This writer was faced
with a similar case some ten years past and took
that opportunity to urge the Supreme Court to
abandon the *lex loci delicti* doctrine and adopt the
new "dominant contacts"[2] approach in determin-
ing what law should govern in conflict situations.

The Supreme Court decided to retain the Michi-
gan position and declined to adopt the new ap-
proach, which is now used by a majority of states.[3]
Hence, this writer is bound to follow the mandate
of the Supreme Court and apply the outmoded
doctrine of *lex loci delicti* to this case. In doing so,
this writer reaches what he perceives *to* be an
inequitable result, and urges plaintiffs to appeal
this case to the Supreme Court, who will hopefully
abandon the *lex loci delicti* doctrine and adopt the
more equitable "dominant contacts" approach.

The facts in this matter are not in dispute.

Plaintiff and a co-employee, both residents of
Michigan, were operating a truck in the course of
their employment for the Kalamazoo Valley Plant

---

[1] The right of action on the tort is determined by the law of the
state where the injury occurred.

[2] The "dominant contacts" approach to choice of law situations
requires the trial judge to assess the equities of the parties, the
contacts involved between the forums and the relevant state policies
in an effort to determine what law should apply to the case.

[3] For example, *see Ingersoll v Klein,* 46 Ill 2d 42; 262 NE2d 593
(1970), *Beaulieu v Beaulieu,* 265 A2d 610 (Me 1970), *Kennedy v Dixon,*
439 SW2d 173 (Mo 1969), *Clark v Clark,* 107 NH 351; 222 A2d 205
(1966), *Wilcox v Wilcox,* 26 Wis 2d 617; 133 NW2d 408 (1965),
*Wessling v Paris,* 417 SW2d 259 (Ky App 1967), *First National Bank
in Fort Collins v Rostek,* 182 Colo 437; 514 P2d 314 (1973), *Brickner v
Gooden,* 525 P2d 632 (Okla 1974), *Fabricius v Horgen,* 257 Iowa 268;
132 NW2d 410 (1965).

Growers.[4] The truck overturned in Wythe County, Virginia, and plaintiff sustained serious, disabling injuries.

The truck in question was leased in Michigan by the Kalamazoo Valley Plant Growers from defendant, Ryder Truck Rental, Inc., a Florida corporation authorized to do business in Michigan.

Plaintiffs commenced an action against defendant in Kalamazoo County Circuit Court pursuant to MCL 257.401; MSA 9.2101, the owner liability statute.

Defendant filed a motion for summary judgment on the basis that Virginia tort law, which does not provide for owner liability suits, governed the matter in accordance with the doctrine of *lex loci delicti.*

The trial court applied the doctrine and granted defendant's motion for summary judgment.

The question presented to this Court is simply drawn.

"Shall the law of the place of the tort *invariably* govern the availability of relief for the tort or shall the applicable choice of law rule also reflect a consideration of other factors which are relevant to the purposes served by the enforcement or denial of the remedy?" *Babcock v Jackson,* 12 NY2d 473, 477; 240 NYS2d 743; 191 NE2d 279 (1963) (footnote omitted).

The Supreme Court has answered this question in the analogous case of *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969).

In *Abendschein,* the Court specifically rejected the modern trend of cases which have adopted the "dominant contacts" approach in determining what law should be applied in any given conflict

---

[4] A Michigan corporation.

situation and steadfastly affirmed the doctrine of *lex loci delicti.*

"That rule has been settled unanimously, understood thoroughly, and thought to be fair to all affected thereby as man might reasonably conceive unless, of course, we are to make equity causes out of law actions. In a word, the law applicable to the presently reviewed question is the rule *stare decisis,* a rule all of us are supposed to follow save only when persuasion leads to abiding conviction that some undeniably better rule is available for proper supersession. There is no such persuasion, since the quagmire of unanswered and perceivably unanswerable questions arising out of the proposed new doctrine appears less attractive than our admittedly hard and fast—and occasionally unjust, it is true—rule that the law of the place of the wrong is applied when the forum is a Michigan court.[3]

---

"[3] Application of the substantive law of the jurisdiction where the tort occurred has been the unanimously accepted rule in Michigan since *Wingert v Wayne Circuit Judge* (1894), 101 Mich 395 [59 NW 662]." *Abendschein v Farrell, supra,* at 516.

However, this seemingly hard and fast rule is not without exception. A handful of Michigan cases have declined to follow the *lex loci delicti* doctrine when it contravenes the public policy of this state.

For example, in *Sweeney v Sweeney,* 402 Mich 234, 242; 262 NW2d 625 (1978), the Supreme Court concluded that:

"The state of residence has a substantial interest in the parent-child legal relationship. Michigan's announced public policy is to permit a child 'to maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent'. That public policy should apply to Michigan residents suing in Michigan courts even though the alleged negligence occurred in Ohio.

"Automatic application of *lex loci delicti* in this daughter against father suit would frustrate an announced Michigan public policy. Whether *lex loci delicti* should be applied in other situations is not decided here."

Also, see *Kircher v Kircher*, 288 Mich 669; 286 NW 120 (1939), and *Branyan v Alpena Flying Service, Inc,* 65 Mich App 1; 236 NW2d 739 (1975).

Plaintiffs contend that Virginia tort law, which does not provide for owner liability suits, contravenes the public policy of this state and therefore an exception to the *lex loci delicti* rule is warranted in the instant case.

Plaintiffs' argument, while logical and persuasive, has been specifically rejected by the Supreme Court.

"The fact Michigan statutory regulations of the rights of a motor vehicle guest passenger may differ from Ontario statutory provisions, or even the provisions of the common law governing like rights, is not a reason for holding the statute of the foreign jurisdiction contravenes public policy here." *Kaiser v North*, 292 Mich 49, 57; 289 NW 325 (1939).

Plaintiffs' other public policy contention, in respect to the no-fault act, fails in light of the aforementioned case.

Plaintiffs next contend that the lease agreement executed between the parties incorporates Michigan statutes and, therefore, Michigan law should govern the instant case. In support of their contention, plaintiffs direct us to *Kline v McCorkle*, 330 F Supp 1089 (ED Va 1971), which ruled that statutory provisions can become part of the contract.

It should be noted that the *Kline* case, *supra,* was reversed by the Fourth Circuit in *Kline v*

*Wheels by Kinney, Inc,* 464 F2d 184, 187 (CA 4, 1972).

Even if we were to accept plaintiffs' argument and incorporate MCL 257.517; MSA 9.2217 and MCL 257.520; MSA 9.2220, into the lease, the liability of the lessor would not be determined by the lease. The aforementioned statutes concern the proof and amount of financial responsibility required in order to operate a motor vehicle registered in this state. Hence, liability could be determined by reference to Michigan law or that of another state, and then these provisions could be applied.

Accordingly, we reluctantly affirm the trial court's order dismissing plaintiffs' suit.

Affirmed. Costs to appellee.

D. C. RILEY, J., concurs in result only.