Kelly, J.
(concurring in part and dissenting in part). I respectfully disagree with the majority’s conclusion that the doctrine of “legal impossibility” has never been adopted in Michigan. There is ample evidence to the contrary in the case law of the state. Because “legal impossibility” is a viable defense, I *173 would affirm the Court of Appeals decision affirming the circuit court’s dismissal of attempted distribution of obscene material to a minor. MCL 750.92, 722.675.
- I would also find that legal impossibility, while a viable defense to solicitation, is inapplicable to the charge of solicitation to commit third-degree criminal sexual conduct in this case. MCL 750.157b(3)(a), 750.520d(l)(a). I agree with the majority’s conclusion that there is no evidence that defendant solicited anyone to commit csc-m. Therefore, I would affirm the Court of Appeals decision affirming the circuit court’s dismissal of the solicitation charge, but on different grounds.
I. “LEGAL IMPOSSIBILITY” IN MICHIGAN
The majority errs in concluding that “legal impossibility” has never been adopted in Michigan. It focuses on language in Tinskey[1] pertaining to “legal impossibility” as a defense to attempt, but ignores the reasoning of the decision. Viewing the forest as well as the trees, one observes that the reasoning and the conclusion of the Tinskey Court prove that it accepted the doctrine of “legal impossibility.”
Tinskey held that the defendants could not be guilty of conspiracy to commit abortion because the woman who was to be aborted was not pregnant. Tinskey, supra at 109. The Court reasoned that the Legislature, in enacting the statute, purposely required that conspiracy to abort involve a pregnant woman. It thereby rejected prosecutions where the woman was not pregnant. It concluded that the defen *174 dants in Tinskey could not be prosecuted for conspiracy to commit abortion because one of the elements of the crime, a pregnant woman, could not be established.
Significantly, the Tinskey Court stated that “[t]he Legislature has not, as to most other offenses, so similarly indicated that impossibility is not a defense.” Id.[2] By this language, Tinskey expressly recognized the existence of the “legal impossibility” defense in the common law of this state. Even though the reference to “legal impossibility” regarding the crime of attempt may be dictum, the later statement regarding the “impossibility” defense was part of the reasoning and conclusion in Tinskey. This Court recognized the defense, even if it did not do so expressly concerning charges for attempt or solicitation.
Moreover, Michigan common law[3] is not limited to decisions from this Court. The majority should not ignore decisions from the Court of Appeals. That Court has accepted “legal impossibility” as a defense.
For example, in People v Ng, the Court of Appeals distinguished between “factual impossibility” and “legal impossibility” in rejecting a defendant’s argument that he was not guilty of attempted murder. 156 Mich App 779, 786; 402 NW2d 500 (1986). It found *175 that factual impossibility is not a defense to a charge of attempted murder, but observed that legal impossibility is a defense, citing Tinskey. Similarly, in People v Cain, the court distinguished between “legal impossibility” and a defense based on a claim of right. 238 Mich App 95, 117-119; 605 NW2d 28 (1999). It implicitly read Tinskey as acknowledging the existence of the “legal impossibility” defense.[4] Accordingly, in this case, the Court of Appeals correctly considered “legal impossibility” a viable defense.
H. INTERPRETATION OF THE ATTEMPT STATUTE
Even if “legal impossibility” were not part of Michigan’s common law, I would disagree with the majority’s interpretation of the attempt statute. It does not follow from the fact that the statute does not expressly incorporate the concept of impossibility that the defense is inapplicable.
Examination of the language of the attempt statute leads to a reasonable inference that the Legislature did not intend to punish conduct that a mistake of legal fact renders unprohibited. The attempt statute makes illegal an “. . . attempt to commit an offense prohibited by law . . . .” MCL 750.92 (emphasis added). It does not make illegal an action not prohibited by law. Hence, one may conclude, the impossibility of completing the underlying crime can provide a defense to attempt.
*176 This reasoning is supported by the fact that the attempt statute codified the common-law rule regarding the elements of attempt. See People v Youngs, 122 Mich 292, 293; 81 NW 114 (1899); People v Webb, 127 Mich 29, 31-32; 86 NW 406 (1901). At common law, “legal impossibility” is a defense to attempt. United States v Hsu, 155 F3d 189, 199-200 (CA 3, 1998); Dressier, Understanding Criminal Law (2d ed), § 27.07[B], p 369; 21 Am Jur 2d, Criminal Law, § 178, p 254. Absent a statute expressly abrogating “legal impossibility,” this common-law rule continues to provide a viable defense. Bandfield v Bandfield, 117 Mich 80, 82; 75 NW 287 (1898), rev’d in part on other grounds Hosko v Hosko, 385 Mich 39; 187 NW2d 236 (1971).[5]
This state’s attempt statute, unlike the Model Penal Code and various state statutes that follow it, does not contain language allowing for consideration of a defendant’s beliefs regarding “attendant circumstances.” Rather, it takes an “objective” view of criminality, focusing on whether the defendant actually came close to completing the prohibited act. 1 Robinson, Criminal Law Defenses, § 85(a), pp 423-424; § 85(b), p 426, n 22. The impossibility of completing the offense is relevant to this objective approach because impossibility obviates the state’s “concern that the actor may cause or come close to causing the harm or evil that the offense seeks to prevent.” Id. at 424.
*177 The majority’s conclusion, that it is irrelevant whether it would be impossible to have committed the completed offense, contradicts the language used in the attempt statute. If an element of the offense cannot be established, an accused cannot be found guilty of the prohibited act. The underlying offense in this case, disseminating or exhibiting sexual material to a minor, requires a minor recipient. Because the dissemination was not to a minor, it is legally impossible for defendant to have committed the prohibited act.
This Court should affirm the Court of Appeals decision, determining that it was legally impossible for defendant to have committed the charged offense of attempted distribution of obscene material to a minor, MCL 750.92, 722.675.
m. THE SOLICITATION STATUTE
I further disagree with the majority’s conclusion that “legal impossibility” is not a recognized defense to a solicitation charge. As discussed above, the defense has been implicitly acknowledged in Michigan’s case law. The majority states that no authority supports the proposition that “legal impossibility” is a defense to solicitation in other jurisdictions. However, this fact is unremarkable in light of the rarity with which the defense is invoked. Moreover, “the impossibility issue can arise in all inchoate offenses,” including solicitation. Robinson, supra at § 85(f)(2), p 436.
The language of our solicitation statute demonstrates that an illegal solicitation must concern an act that would constitute a felony if completed. The stat *178 ute states, “a person who solicits another person to commit a felony, or who solicits another person to do or omit to do an act which if completed would constitute a felony, is punishable as follows . . . MCL 750.157b(3).
“Legal impossibility” would be a defense if the defendant’s goal were illegal but the offense incomplete due to the defendant’s factual mistake concerning the legal status of a relevant circumstance. See Dressier, supra at § 27.07[D][3][a], p 373 (discussing “hybrid legal impossibility”). In this case, defendant was mistaken regarding the legal status of “Bekka,” whom he believed to be a female minor but who was actually a male adult.
However, defendant’s factual mistake is irrelevant in analyzing the charge of solicitation to commit third-degree criminal sexual conduct. Even if he had made his request to engage in sexual intercourse to a fourteen-year-old girl, defendant, not the girl, would have violated the csc-m statute. Therefore, I agree with the majority that defendant did not solicit “Bekka” to commit an act that constituted a felony within the meaning of the solicitation statute.
I note that this is the same conclusion reached by the Court of Appeals. See 241 Mich App 102, 111; 614 NW2d 674 (2000). That Court erred, however, in applying a “legal impossibility” analysis. It was not defendant’s mistake regarding the minority status of “Bekka” that is significant. Rather, an element of the solicitation charge is missing. “Legal impossibility” is, therefore, irrelevant under the facts of this case. The solicitation charge was properly dismissed because the prosecution could not prove all elements of the crime.
*179 iv. conclusion
As judges, we often decide cases involving disturbing facts. However repugnant we personally find the criminal conduct charged, we must decide the issues on the basis of the law. I certainly do not wish to have child predators loose in society. However, I believe that neither the law nor society is served by allowing the end of removing them from society to excuse unjust means to accomplish it. In this case, defendant raised a legal impossibility argument that is supported by Michigan case law. The majority, in determining that legal impossibility is not a viable defense in this state, ignores that law.
In keeping with precedent and legal authority, I would affirm the Court of Appeals decision that it was legally impossible for defendant to commit the charged offense of attempted distribution of obscene material to a minor. Of course, if this view prevailed, defendant could still be prosecuted for his alleged misconduct. He is to be tried on the most serious of the charges, child sexually abusive activity, MCL 750.145c.
With regard to the solicitation charge, I disagree with the majority’s conclusion that “legal impossibility” is not a defense to solicitation. However, the defense does not apply under the facts of this case. Even if the facts had been as defendant believed, defendant did not solicit “Bekka” to commit csc-m. Hence, an essential element of the solicitation charge is missing. The charge was properly dismissed for that reason, not because of the availability of the “legal impossibility” defense.
Cavanagh, J., concurred with Kelly, J.

 People v Tinskey, 394 Mich 108; 228 NW2d 782 (1975).

 I take this to mean that with respect to conspiracy to abort, as with most other statutory crimes, the Legislature has not indicated that impossibility is not a defense. Hence, it is a defense.

 Common law is “the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming, and enforcing such usages and customs .... In general, it is a body of law that develops and derives through judicial decisions, as distinguished from legislative enactments.” Black’s Law Dictionary (6th ed), p 276.

 See also People v Genoa, 188 Mich App 461, 464; 470 NW2d 447 (1991). Genoa held that the circuit court correctly dismissed the charge of attempted possession with intent to deliver 650 grams or more of cocaine. Judge Shepherd based the holding on the fact that it was legally impossible for the defendant to have committed the offense.

 The Bandfield Court stated: “The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations.” Id. at 82.