DISSENT
MERRITT, Circuit Judge,
dissenting.
I am persuaded that District Judge Hill-man’s opinion and reasoning is correct and should be affirmed. Here is the crux of his opinion which I would endorse:
The parties agree that no Michigan ease law precisely addresses the question before this court. That question specifically is whether the procedures required under the MHCA preclude the securing of an interest in a mobile home as a fixture on real property through the recording of a mortgage. ■
I see no conflict between the two provisions. The Mobile Home Commission Act itself does not purport to be the exclusive means of recording a security interest in a fixture on real property. Instead, it provides the means by which mobile home security interests are perfected, whether or not the mobile home is a fixture. No part of the statute suggests that it was intended to override ordinary real estate law, which permits the filing of mortgages to secure an interest in fixtures.
Appellee argues, however, that the exclusiveness of the MHCA is provided by Article 9 of the U.C.C., section 440.9302(4), which declares that financing statements must be filed in all cases except as provided in that section. Appellee contends that, since the filing of a mortgage is not a listed exception, whereas compliance with the MHCA is such exception, the recording of a mortgage is ineffective to provide a security interest.
I disagree. Section 440.9302 must be read in conjunction with the other provisions of Article 9 of the U.C.C.
First, as appellee notes, section 440.9302 does not include the filing of a mortgage on a fixture as one of the mentioned exceptions from the requirement of a financing statement. Nevertheless, section 440.9402(6) expressly permits the recording of a mortgage to serve as a financing statement. See Mich. Comp. Laws 440.9402(6) (“A mortgage is effective as a financing statement filed as a fixture filing from the date of its recording if all of the following apply ... ”). As a result, financing statements generally do not provide the exclusive means of perfecting a security interest in goods, including fixtures.
Second, the Mobile Home Commission Act itself provides only that a filing under the Act “is equivalent to the filing of a financing statement with respect to the security interest under article 9 of the uniform commercial code ...” Mich. Comp. Laws § 125.2330d (emphasis added.) As previously stated, no dispute exists that under the terms of the U.C.C., the filing of a financial statement ordinarily is not exclusive of the filing of a mortgage and does not prevent creation of an encumbrance upon fixtures pursuant to real estate law. See Mich. Comp. Laws §§ 440.9402(6); 440.9313(3). As a result, to conclude that *650 the word “only” in section 440.9302(4) precludes the filing of a mortgage on a mobile home would give Mich. Comp. Laws § 125.2330d broader effect than an Article 9 financing statement applicable to another sort of fixture. Such an interpretation directly conflicts with the limiting language contained in section 440.9302(4) as well as Mich. Comp. Laws § 125.2330d, which both declare that application for title under Mich. Comp. Laws § 125.2330d “is equivalent to the filing of a financing statement.”
Third, other portions of Article 9 specifically declare that the article may not be interpreted in a manner that precludes the creation of a security interest through the recording of a mortgage. Under Mich. Comp. Laws § 440.9313(3), the legislature specifically declares that “this article does not prevent creation of an encumbrance upon fixtures pursuant to real estate law.” Appellee attempts to distinguish section 440.9313(3) by saying that the section applies only to priorities, not to the actual creation of security interests. However, Mich. Comp. Laws § 440.9313(3) expressly states that it applies to the whole of Article 9 of the U.C.C.: “This article does not prevent the creation of an encumbrance upon fixtures pursuant to real estate law.” Section 440.9302(4), upon which the bankruptcy court and appellee rely, is itself part of Article 9. As a result, section 9313(3) specifically states that section 9302(4) may not be construed as advocated by appellee.
Fourth, any other construction is at odds with the central premise of the U.C.C. The Uniform Commercial Code is designed to address secured transaction in goods and commercial paper. It does not provide the means for securing transactions in real property. Consequently, when the legislature equated an application for transfer of title under the Mobile Home Commission Act to a financing statement under Article 9 of the Uniform Commercial Code it must be deemed to have intended what it said — that Mich. Comp. Laws § 125.2330d would do no more than any other financing statement under the U.C.C.
Fifth, even without the legislature’s clearly declared limitation on the scope of Mich. Comp. Laws § 125.2330d, this court would be obligated to presume that the legislature did not intend by adopting the MHCA to abrogate the entire body of real estate law regarding mortgages on fixtures. As the Michigan Supreme Court stated more than 100 years ago,
The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law. Courts should not be left to construction to sustain such bold innovations.

Bandfield v. Bandfield, 117 Mich. 80, 82, 75 N.W. 287 (1898), rev’d in part on other grounds. Hosko v. Hosko, 385 Mich. 39, 187 N.W.2d 236 (1971). See also Koenig v. City of South Haven, 460 Mich. 667, 677, 597 N.W.2d 99, 104 (1999); Rusinek v. Schultz, Snyder & Steele Lumber Co., 411 Mich. 502, 508, 309 N.W.2d 163 (1981).

Finally, I note that the bankruptcy judge’s ruling intrudes upon Chase Manhattan’s ability to preserve a precise mortgage value in the real property itself, not just in thfe mobile home fixture. Chase Manhattan, as mortgage holder, is left to the verbal assurances of counsel for appellee that the Trustee will exercise his discretion to determine an “equitable” amount attributable to the real estate. Chase Manhattan filed a mortgage on both the' real estate and its fixtures in an amount that was not divisible under the mortgage terms. Invalidating the mortgage security at issue here deprives Chase Manhattan of its ordinary rights as a secured lender under the mortgage on the *651 real property. Clearly the Mobile Home Commission Act does not apply or purport to apply to the real property on which the mobile home is situated.