PEOPLE v GENOA

Docket No. 118693. Submitted December 14, 1990, at Lansing. Decided April 15, 1991, at 9:30 A.M. Leave to appeal denied, 439 Mich 863.

Lawrence J. Genoa was charged with attempted possession with intent to deliver 650 grams or more of cocaine. The Oakland Circuit Court, John N. O'Brien, J., affirmed the district court's dismissal of the charge, finding that a crime had not been committed because the defendant, when approached by a police undercover agent who proposed to finance the purchase of cocaine with the defendant's money, only gave the agent money for the purchase. However, the agent never intended to, and indeed did not, commit the crime. The people appealed.

The Court of Appeals *held*:

Because an underlying crime was not committed by anyone, it is legally impossible for the defendant to have aided and abetted the commission of any offense. The only theory by which the people could prosecute the defendant was that the defendant attempted to aid and abet the crime of possession with intent to deliver cocaine. In the absence of any law, statutory or otherwise, proscribing what transpired in this case, the lower court did not err in dismissing the charge.

Affirmed.

1. CRIMINAL LAW — AIDING AND ABETTING — ELEMENTS.

Three elements must be shown to support a finding that a defendant aided and abetted the commission of a crime: the crime charged was committed either by the defendant or some other person, the defendant performed acts or gave encouragement which aided and assisted the commission of the crime, and the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement.

2. CRIMINAL LAW — AIDING AND ABETTING — PROOFS.

The conviction of a principal is not necessary for the conviction of

REFERENCES

Am Jur 2d, Criminal Law §§ 167, 168, 172, 175, 176.

Acquittal of principal, or his conviction of lesser degree of offense, as affecting prosecution of accessory, or aider and abettor. 9 ALR4th 972.

an accessory; however, in order to convict a defendant as an accessory the prosecution must prove that the crime was committed by someone and that the defendant either committed or aided and abetted the commission of the crime.

3. CRIMINAL LAW — CONTROLLED SUBSTANCES — PURCHASING OF DRUGS — FINANCIERS.

There is no law, statutory or otherwise, making it a crime to give money with the intent that it be used by another to purchase and sell drugs where it is the other person who solicits, exhorts, or induces the giving of the money and there is no subsequent purchase of drugs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Lawrence S. Talon,* Special Assistant Attorney General, and *David C. Cannon,* Assistant Attorney General, for the people.

*Sheldon Halpern,* for the defendant.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

SHEPHERD, P.J. The prosecution appeals by leave granted a lower court order dismissing a charge against defendant of attempted possession with intent to deliver 650 grams or more of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). We affirm.

The charge against defendant stemmed from a June 6, 1988, transaction in which an undercover agent of the Michigan State Police met with defendant at a hotel and proposed that if defendant gave him $10,000 toward the purchase of a kilogram of cocaine, which the police agent claimed he would then sell, the agent would repay defendant the $10,000, plus $3,500 in profits and a client list. Defendant accepted the proposal and later returned with the $10,000. After defendant left, the police agent turned the money over to the Michi-

gan State Police, and defendant was subsequently arrested.

The district court judge presiding over defendant's preliminary examination dismissed the charge against defendant on the ground that because the police agent never intended to commit the contemplated crime and, indeed, never did commit it, defendant, though he believed he was giving money for an illegal enterprise, financed nothing. Though the prosecution has not provided us with a transcript of the proceedings, an appeal was taken to the circuit court, where the district court's decision was affirmed.

While the prosecution did not necessarily concede it below, it is readily apparent that the only theory by which it could prosecute defendant was that defendant attempted to aid and abet the crime of possession with intent to deliver cocaine. Defendant certainly could not be shown to have even attempted to constructively possess the cocaine himself, in that the evidence simply indicated that defendant was to help finance the proposed venture. And, while Michigan does not distinguish between principals and accessories for purposes of culpability, MCL 767.39; MSA 28.979, certain elements must be established to show someone aided and abetted the commission of a crime. Those elements are: (1) the underlying crime was committed by either the defendant or some other person, (2) the defendant performed acts or gave encouragement which aided and assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. *People v Acosta,* 153 Mich App 504, 512; 396 NW2d 463 (1986).

Thus, while the conviction of the principal is not

necessary to a conviction of an accessory, the prosecution must prove that the underlying crime was committed by someone, and that the defendant either committed or aided and abetted the commission of that crime. *People v Mann,* 395 Mich 472, 478; 236 NW2d 509 (1975). However, in the case at bar, it is clear that the underlying crime was never committed by anyone. The absence of this element made it legally impossible for defendant to have committed any offense.

It is apparent to us that the inability to charge or prosecute defendant results from a gap in legislation. There is currently no provision making it a crime to give money with the intent that it be used by another to purchase and sell drugs, even though that other person does not intend to so utilize the money. There is no statute which focuses on the financier's intent, where it is the other person who solicits, exhorts, or induces the proposed crime. While a defendant could be found guilty of at least common-law solicitation where *he* utters words urging another to commit a crime such as murder, but that crime is never committed or even attempted, see *People v Rehkopf,* 422 Mich 198; 370 NW2d 296 (1985), there is no evidence in the instant matter that it was the defendant who did the soliciting. In the absence of any law, statutory or otherwise, proscribing what transpired in this case, we must find that the lower court did not err in dismissing the charge against defendant.

Affirmed.