PEOPLE v WILSON

PEOPLE v SANFORD

Docket Nos. 127686, 127687, 127688, 128325. Submitted October 13, 1992, at Lansing. Decided November 2, 1992, at 9:45 A.M. Leave to appeal sought.

Carolyn Wilson and Annette Sanford each were convicted following a joint jury trial in the Allegan Circuit Court, George R. Corsiglia, J., of two counts of first-degree criminal sexual conduct as a result of forcing Wilson's minor son to engage in sexual intercourse with Sanford's minor daughter. Wilson was sentenced to concurrent prison terms of ten to forty years and twenty to forty years, and Sanford was sentenced to concurrent prison terms of ten to forty years and eighteen to forty years. The defendants appealed separately. Each of the defendants also was convicted following another joint jury trial in the same court of one count of aiding and abetting first-degree criminal sexual conduct and one count of aiding and abetting third-degree criminal sexual conduct as a result of allowing various men to engage in sexual penetration of Wilson's minor son and Sanford's minor daughter. Wilson was sentenced to concurrent prison terms of twenty to forty years and five to fifteen years, and Sanford was sentenced to concurrent prison terms of ten to forty years and five to fifteen years. The defendants again appealed separately. The appeals were consolidated.

The Court of Appeals *held:*

1. Wilson's son and Sanford's daughter both were sexually penetrated. Wilson's conviction of two counts of first-degree criminal sexual conduct in Docket No. 127686 for two acts of penetration that occurred at the same time are not for the same offense and, therefore, no double jeopardy violation occurred.

2. The conviction of a principal is not necessary for the

References

Am Jur 2d, Criminal Law §§ 167-171, 175, 176, 267, 277, 279; Evidence §§ 984, 1130.

See the ALR Index under Aiding and Abetting; Criminal Law; Double Jeopardy; Joint and Several Parties; Separate Offenses.

conviction of an aider and abettor. The prosecution need prove only that the principal committed the crime. Sufficient evidence was offered to show that each child committed first-degree criminal sexual conduct against the other and that Wilson forced them to engage in the crime. Wilson was properly convicted as an aider and abettor.

3. No error occurred with regard to questions posed by the prosecutor regarding the relationship between Wilson and Sanford.

4. Wilson's sentences are neither excessively severe nor unfairly disparate and do not violate the principle of proportionality.

5. The evidence was clearly sufficient to support Wilson's conviction of aiding and abetting the sexual acts involving the men. Although neither child could identify the men involved, the identity of the principal is not necessary for a conviction of aiding and abetting where, as in this case, the existence of a guilty principal is proven.

6. The trial court properly found that the evidence supports the conclusion that Wilson was the leader of the criminal activity. The court properly scored the sentencing information report to reflect its finding.

7. The evidence indicates that the jury was not unduly influenced by pretrial publicity. Because a change of venue was not justified, Sanford was not prejudiced as a result of her counsel's failure to move for a change of venue. The failure to so move did not deny Sanford the effective assistance of counsel.

8. The prosecution presented sufficient evidence that Sanford intended the commission of the sexual acts involving the men to allow the case to go to the jury on an aiding and abetting theory.

9. The trial court did not impermissibly admit against Sanford evidence of prior similar acts.

10. Because defense counsel placed at issue the delayed reporting of sexual abuse by the victims, testimony by a child protective services worker that provided a reason for the delay and established the basis of her knowledge of that reason was properly admitted by the court.

11. Although the trial court allegedly did not address the issue of proportionality, Sanford is not entitled to resentencing because her sentences are within the guidelines range and she did not assert that they were disproportionate or invalid.

Affirmed.

1. Criminal Law — Criminal Sexual Conduct — Sexual Penetra-
    tion — Separate Offenses — Double Jeopardy.

   In enacting the first-degree criminal sexual conduct statute, the
   Legislature intended to authorize separate punishment for each
   sexual penetration that occurs; thus, a defendant's convictions
   and sentences for two acts of penetration that occur at the
   same time are not for the same offense and no double jeopardy
   violation arises from trying and convicting the defendant for
   each penetration (US Const, Am V; Const 1963, art 1, § 15;
   MCL 750.520b; MSA 28.788[2]).

2. Criminal Law — Aiding and Abetting — Proofs.

   The conviction of a principal is not necessary for the conviction of
   an aider and abettor; the prosecution need prove only the
   existence of a principal and that the principal committed the
   crime; the identity of the principal need not be proven.

3. Criminal Law — Criminal Sexual Conduct — Aiding and
    Abetting — Intent.

   To establish aiding and abetting first-degree criminal sexual
   conduct, the prosecution must show that the underlying crime
   was committed by someone and that the defendant either
   committed or aided and abetted the commission of that crime;
   the presence of a person, even with knowledge that an offense
   is about to be committed or is being committed, is insufficient
   to show that that person is an aider and abettor; to be con-
   victed of aiding and abetting, the person must have possessed
   the required intent or have participated while knowing that
   the principal had the requisite intent; intent may be inferred
   from circumstantial evidence (MCL 750.520b; MSA 28.788[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Andrew J. Marks,* Prose-cuting Attorney, and *Margaret Zuzich Bakker,* Assistant Prosecuting Attorney, and *Kathryn M. Neville,* Appellate Counsel, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Maro-vich*), for Carolyn Wilson.

*Patricia S. Slomski,* for Annette Sanford.

Before: Murphy, P.J., and Gribbs and Fitzger-ald, JJ.

FITZGERALD, J. These consolidated appeals as of right arise from convictions in two separate joint jury trials. Defendants Carolyn Wilson and Annette Sanford were each found guilty of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), for forcing Wilson's minor son to engage in sexual intercourse with Sanford's minor daughter.[1] Wilson was sentenced to concurrent prison terms of ten to forty years and twenty to forty years. Sanford was sentenced to concurrent prison terms of ten to forty years and eighteen to forty years. Wilson appealed, Docket No. 127686, and Sanford appealed, Docket No. 127688.

Defendants were also each found guilty of one count of aiding and abetting first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and one count of aiding and abetting third degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), for allowing various men to engage in sexual penetration of Wilson's minor son and Sanford's minor daughter. Wilson was sentenced to concurrent prison terms of twenty to forty years and five to fifteen years, and Sanford was sentenced to concurrent prison terms of ten to forty years and five to fifteen years. Sanford appealed, Docket No. 127687, and Wilson appealed, Docket No. 128325.

### DOCKET NO. 127686

Wilson first argues that her conviction of two counts of first-degree criminal sexual conduct arising from a single act of sexual penetration involving two victims resulted in multiple punishments

---

[1] We direct the trial court to revise defendant Sanford's judgment of sentence in Docket No. 127688 because it erroneously indicates that she was convicted of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct.

for a single offense, contrary to the Double Jeopardy Clauses of the Michigan Constitution, Const 1963, art 1, § 15, and the United States Constitution, US Const, Am V. Specifically, she contends that, under the criminal sexual conduct statute, the appropriate "unit of prosecution" is the act rather than the victim. The prosecution argues that each victim was individually penetrated and therefore each victim was separately subjected to criminal sexual conduct.

In interpreting the first-degree criminal sexual conduct statute, Michigan courts have consistently held that the Legislature intended to punish separately each criminal sexual penetration. *People v Johnson,* 406 Mich 320, 330; 279 NW2d 534 (1979); *People v Dowdy,* 148 Mich App 517, 521; 384 NW2d 820 (1986); *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), vacated in part 406 Mich 1020 (1979). In this case, each victim was indisputably penetrated. We conclude that Wilson's convictions for two acts of penetration that occurred at the same time are not for the "same offense" and therefore no double jeopardy violation is shown.[2]

Wilson next argues that the trial court erred in denying her motion for a directed verdict because the prosecutor failed to establish that the act between the two minor children constituted a crime. Specifically, Wilson contends that, because the children were the "principals" against each other and could not have been convicted of a felony because of their ages, she could not have aided and abetted a crime. We disagree.

---

[2] To accept Wilson's argument would be to hold that a defendant can perform as many acts of penetration as possible during one sexual act and be subject to punishment for only one act of penetration (for example, if a defendant were to vaginally penetrate a victim with his penis while simultaneously anally penetrating the same victim with a different object).

A conviction of aiding and abetting requires proof of the following elements:

(1) the underlying crime was committed by either the defendant or some other person, (2) the defendant performed acts or gave encouragement which aided and assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. [*People v Genoa,* 188 Mich App 461, 463; 470 NW2d 447 (1991).]

The underlying crime in this case requires the prosecution to prove that sexual penetration of a child under the age of thirteen occurred. The statute specifies no age of culpability, and, indeed, the minors could have been criminally charged in juvenile court.

The children were not charged with any offenses. However, the conviction of a principal is not necessary for the conviction of a party aiding and abetting. *Genoa, supra* at 463-464. The prosecution need prove only that the principal committed the crime. The evidence was sufficient to show that each child committed first-degree criminal sexual conduct against the other and that Wilson forced the children to engage in the crime.

Next, Wilson asserts that the prosecutor posed improper questions regarding the relationship between her and Sanford. Wilson failed to object to the prosecutor's questions, thereby precluding appellate review in the absence of manifest injustice. *People v Potra,* 191 Mich App 503, 512; 479 NW2d 707 (1991). We have reviewed the alleged improper questions in the context in which they were made and conclude that Wilson was not denied a fair and impartial trial by the questions. *People v*

*Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989).[3]

Because we have concluded that no errors occurred, we reject Wilson's argument that the cumulative effect of the errors requires reversal.

Next, Wilson maintains that her sentences violate the principle of proportionality announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Defendant's ten- to forty-year sentence is within the minimum recommended guidelines range[4] and is therefore presumptively proportionate. *People. v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991). Defendant's twenty- to forty-year sentence is also within the minimum recommended guidelines range.[5] Given the circumstances of the offenses and the offender, we conclude that the sentences are neither excessively severe nor unfairly disparate. *People v Tyler,* 188 Mich App 83, 88; 468 NW2d 537 (1991).

### DOCKET NO. 128325

Wilson claims that the evidence presented at trial was insufficient to support a conviction of aiding and abetting the commission of first- and third-degree criminal sexual conduct for allowing unknown men to commit sexual acts with the children. Wilson concedes that medical evidence was presented that tends to prove that sexual abuse occurred, but claims that the evidence was

[3] A review of the alleged improper questions reveals that the prosecutor did not inject into the trial the issue of a possible lesbian relationship between Wilson and Sanford.

[4] The minimum recommended guidelines range for the offense involving the male victim was five to ten years.

[5] The minimum recommended guidelines range for the offense involving the female victim was eight to twenty years.

insufficient because neither child could identify the men involved.[6] We disagree.

Although a defendant may not be convicted of aiding and abetting if the guilt of the principal has not been shown, *People v Vaughn*, 186 Mich App 376, 382; 465 NW2d 365 (1990), the identity of the principal is not necessary if the existence of *a* guilty principal is proven:

> To place the issue of aiding and abetting before the trier of fact, the evidence need only tend to establish that more than one person committed the crime, and that the role of a defendant charged as an aider and abettor amounts to something less than the direct commission of the offense. [*Id.*]

The evidence presented at trial reveals that the two children were penetrated on several different occasions by a series of different men ranging in number from four or five to ten or twelve. The medical evidence revealed that the male victim had been systematically anally penetrated, and that the female indicated signs of vaginal penetration. Both children testified that both defendant Wilson and defendant Sanford would meet in the bedroom with whatever man was visiting at the time. Each child described the sexual acts committed on them in defendants' presence. The evidence was clearly sufficient to support Wilson's conviction of aiding and abetting the sexual acts.

Wilson again raises the issue of improper prosecutorial questions relating to her relationship with Sanford, and again there was no objection to the prosecutor's questions. Nonetheless, we conclude that she was not denied a fair and impartial trial by the prosecutor's questions.

---

[6] Wilson claims that, absent the identity of the men involved, insufficient evidence exists to establish the guilt of the principal.

Lastly, Wilson maintains that the trial court improperly scored offense variable 9 because she was not a "leader" in the commission of first-degree criminal sexual conduct upon her son.

Review of sentencing guideline calculations by this Court is limited. *People v Harris,* 190 Mich App 652, 663; 476 NW2d 767 (1991). A sentencing court has discretion to determine the appropriate scores on a sentencing information report, provided evidence exists to support the scores. *People v Warner,* 190 Mich App 26, 27; 475 NW2d 397 (1991). The Sentence Review Committee strongly recommends that scoring decisions for which any support exists be upheld by this Court. *Id.*

Wilson received ten points for ov 9 for being a "leader in a multiple offender situation." In objecting to the score, Wilson merely denied that she was the leader. We agree with the trial court that the evidence produced at trial supports the conclusion that Wilson was the leader of the criminal activity.

### DOCKET NOS. 127687 AND 127688

Defendant Sanford first claims that she was denied the effective assistance of counsel because defense counsel failed to move for a change of venue on the basis of pretrial publicity. Sanford's failure to request an evidentiary hearing on her claim of ineffective assistance of counsel limits our review to errors apparent on the record. *People v Armendarez,* 188 Mich App 61, 74; 468 NW2d 893 (1991). Her claim that the jurors were exposed to extensive pretrial publicity is reviewable only to the extent that review of the record of voir dire may reveal that the jury was prejudiced. Our review of the record reveals that the jury was adequately cautioned and questioned concerning

the pretrial publicity, and was not unduly influenced by any pretrial publicity. Consequently, no change of venue was justified, and Sanford was not prejudiced by defense counsel's failure to move for a change of venue. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

Next, Sanford contends that her mere presence when the sexual acts were being committed is insufficient to sustain a conviction of aiding and abetting first-degree criminal sexual conduct. In denying defendant's motion for a directed verdict, the trial court stated:

> Here we have a mother who has a duty, and I say it's a legal duty, to protect her child and stands idly by, if I am to believe the testimony of the children.
>
> This is what the testimony is at this point and I am making the statements in that context.
>
> But if the testimony is to be believed, she's standing idly by while another directs an act of sexual intercourse. She had a duty to interfere, she had a duty to protect her child, she had a duty to take that child outside of that environment; and while the [*People v Chapman,* 62 Mich 280; 28 NW 896 (1886)] case said normally mere presence isn't sufficient, but when you have a duty to act and you don't do so, then that may well be, because apparently you are telling the other person that they may go ahead in their criminal deed.
>
> Further, in this case, inferentially, you can construe such conduct by a person as an act indicating agreement to the child that is involved in the activity, to convey to that child that the parent approves of the activity that is being forced upon the child. So I think you have a different situation when you have strangers as opposed to a parent-child, or husband and wife, and that being so in respect to her own child.
>
> And in Count ii, the Court further finds that aid or encouragement transfers and is applicable to

Count i, in respect to [defendant Wilson's son], in that if the parent of [defendant Sanford's daughter] had sought to interfere, that the act could not have been accomplished, at least it would have conveyed to [defendant Wilson's son] the objection of the parent of [defendant Sanford's daughter], and that was not done.

To establish aiding and abetting the crime of first-degree criminal sexual conduct, the prosecution must show that the underlying crime was committed by someone, and that the defendant either committed or aided and abetted the commission of that crime. *Genoa, supra* at 464. Mere presence, even with knowledge that an offense is about to be committed or is being committed, is insufficient to show that a person is an aider and abettor. *People v Rockwell,* 188 Mich App 405, 412; 470 NW2d 673 (1991). The phrase "aiding and abetting" describes all forms of assistance rendered to the perpetrator of a crime. *Id.* at 411. It includes all words or deeds that may support, encourage, or incite the commission of a crime. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974). To be convicted of aiding and abetting, a person must either have possessed the required intent or have participated while knowing that the principal had the requisite intent. *Rockwell, supra.* Such intent may be inferred from circumstantial evidence.

The issue as presented by Sanford, whether a parent has a duty to prevent the commission of a criminal act upon the parent's child where that crime takes place in the parent's presence, has not been previously addressed by this Court.[7] However, we need not address the issue because the prosecu-

---

[7] We strongly encourage the Legislature to consider the theory of culpability relied on by the trial court in this case: An exception to the "mere presence" rule exists when a parent has a legal duty to prevent the commission of a crime. See, e.g., Model Penal Code § 2.06;

tion introduced sufficient evidence that Sanford intended the commission of the crime to allow the case to go to the jury on an aiding and abetting theory.

Sanford next argues that the trial court impermissibly admitted evidence of prior similar acts in Docket No. 127688. She objected at a pretrial hearing to the prosecutor's motion to admit prior similar acts evidence. However, defendant's failure to provide a copy of the hearing transcript, as required by MCR 7.210(B)(1)(a), as well as her failure to object at trial, results in this Court's inability to review the trial court's decision. However, our review of the challenged testimony of each of the victims leads us to the conclusion that the testimony challenged by Sanford would be admissible pursuant to MRE 404(b) and *People v DerMartzex*, 390 Mich 410; 213 NW2d 97 (1973).[8]

Next, Sanford asserts that the trial court erred in refusing to order a psychological evaluation of the victims. Because she failed to provide this Court with a copy of the relevant transcript, MCR 7.210(B)(1)(a), we are unable to determine whether the trial court abused its discretion in denying her request to compel an examination of the victims. *People v Graham*, 173 Mich App 473, 477; 434 NW2d 165 (1988). Consequently, Sanford has waived this issue on appeal.

Sanford further argues that the trial court improperly permitted testimony from a child protective services worker because the testimony bol-

Ala Code § 13A-2-23 (1975); Ark Stat Ann § 41-303; Del Code Ann tit 11, § 271; Haw Rev Stat § 702-222; Ky Rev Stat Ann § 502.020; NJ Stat Ann § 2C:2-6; NM Stat Ann § 30-1-13; ND Cent Code § 12.1-03-01; Or Rev Stat § 161.155; Tex Penal Code Ann § 7.02.

[8] The testimony of child protective services worker Dawn McLaughlin and clinical social worker Pam Veldman, to which Sanford did not object, does not constitute similar acts testimony. Manifest injustice will not result from our failure to review this issue as it relates to these individuals.

stered the victims' credibility.[9] We disagree. Defense counsel placed at issue the delayed reporting of sexual abuse by the victims. The worker's testimony provided a reason for the delay and established the basis of her knowledge of that reason. *People v Beckley,* 434 Mich 691, 725; 456 NW2d 391 (1990).

Lastly, Sanford argues in a supplemental brief that she is entitled to resentencing because the trial court did not address the issue of proportionality.[10] *Milbourn, supra.* However, Sanford does not specifically assert that her sentences, which are within the minimum recommended guidelines range, are disproportionate or invalid.[11] Consequently, remand for resentencing is not required because the trial court does not have authority to modify a valid sentence. *People v Councell,* 194 Mich App 192, 194; 486 NW2d 350 (1992).

Affirmed.

[9] Sanford's challenge of the testimony of a clinical social worker is not preserved for appellate review because she failed to object to the testimony at trial. *Potra, supra* at 512.

[10] Sanford was sentenced before the Supreme Court's decision in *Milbourn.*

[11] Although Sanford's issue heading suggests that her argument is that the sentences are disproportionate, no such argument is made in the body of the brief. Rather, she requests remand only for review under the *Milbourn* proportionality standard.