23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Melvin Kenneth LESTER, Petitioner-Appellant,
v.
John J. JABE, Respondent-Appellee.
 No. 92-2400.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Melvin Kenneth Lester, pro se, appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm the judgment of the district court.
 
 
 2
 * Lester was arrested and charged with the murder of Darrell McKenzie, who was shot and killed during a 1987 armed robbery in Detroit. After one mistrial, a Michigan state court jury convicted Lester of assault with intent to commit great bodily harm less than murder and of armed robbery. The trial judge sentenced him to a six-to-ten year term for the assault and eighteen-to-forty years for the armed robbery.
 
 
 3
 The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied review of a further appeal. Lester filed this habeas petition, asserting five grounds for relief in federal court. A magistrate judge issued a report and recommendation analyzing the issues and concluding there was no basis for a grant of relief. The district court adopted the magistrate's report and denied the writ.
 
 II
 
 4
 Lester appeals all five of the issues. First, he claims that he was denied his right to self-representation. Second, he argues that the trial court's aiding and abetting instruction to the jury was insufficient. Third, he contends that he was placed in double jeopardy. Fourth, he argues that he received ineffective assistance of trial counsel. Fifth, he claims he was convicted on the basis of insufficient evidence. We address the issues in turn.
 
 
 5
 A defendant in a state criminal trial has a constitutional right to self-representation and may proceed without counsel when he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806, 835 (1975). However, where the request for self-representation is merely a tactic to secure a delay in the proceeding, a state court's denial of a request for self-representation will not constitute a constitutional violation. Robards v. Rees, 789 F.2d 379, 383-84 (6th Cir.1986). In this case, Lester requested to represent himself after his attorney had already tried his case once, with a mistrial declared during jury deliberations. Only after jury selection was completed in the retrial did Lester assert his desire for self-representation. A reading of the trial transcript indicates that the judge addressed Lester's stated complaints about his counsel. The judge agreed to strike two jurors that Lester said his attorney should have challenged. The judge then stated that he believed that Lester was expressing dissatisfaction with his counsel merely to gain a delay in the proceedings and that his request to represent himself, coming after the jury was chosen, was too late. The judge's reasoning is an acceptable exercise of discretion under Robards. See also United States v. Betancourt-Arretuche, 933 F.2d 89, 96 (1st Cir.) (quotation omitted) ("In general, a Faretta request is timely only if it is asserted before the jury is empaneled"), cert. denied, 112 S.Ct. 421 (1991).
 
 
 6
 Lester contends that the trial court's instruction on the aiding and abetting charge constituted error. The Michigan Court of Appeals concluded that Lester had waived this issue by not objecting to the instruction at trial. "[A] federal habeas petitioner who has failed to comply with a State's contemporaneous-objection rule must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim." Murray v. Carrier, 477 U.S. 478, 485 (1986). Not only does Lester not show cause or prejudice, but a review of the trial transcript shows that the jury was properly instructed regarding aiding and abetting. In Michigan, the elements of aiding and abetting are that: 1) the underlying crime was committed by either the defendant or some other person, 2) the defendant performed acts or gave encouragement which aided and assisted the commission of the crime, and 3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. People v. Genoa, 470 N.W.2d 447, 448 (Mich.Ct.App.), appeal denied, 478 N.W.2d 91 (Mich.1991). The jury instruction here tracked these requirements precisely and explained them adequately. There was no error in the instruction.
 
 
 7
 Lester's double jeopardy argument concerns the fact that in his first trial, a mistrial was declared over his objection. He was tried jointly with a co-defendant who had made a statement to the police implicating both himself and Lester. Accordingly, two juries were impaneled pursuant to Bruton v. United States, 391 U.S. 123, 135-36 (1968), which held that a defendant's Sixth Amendment right to confrontation is violated when a confession by his non-testifying co-defendant is admitted at a joint trial. The trial court ordered a mistrial after Lester's jury entered deliberations and the co-defendant's incriminating statement was inadvertently given to it.
 
 
 8
 Where a mistrial has been declared over the objection of the defendant, a second trial is prohibited unless the mistrial can be justified by "manifest necessity." Arizona v. Washington, 434 U.S. 497, 505 (1978). Manifest necessity does not mean absolute necessity, "but rather a 'high degree' of necessity." Glover v. McMackin, 950 F.2d 1236, 1240 (6th Cir.1991). We conclude that the mistrial was justified by manifest necessity. Had the jury convicted Lester after viewing Murray's statement, a reversal on appeal would have been likely. This conclusion was reached by the Michigan Court of Appeals. Further, a jury instruction would not have cured the error. Accordingly, there was no Double Jeopardy Clause violation.
 
 
 9
 There was also no constitutionally ineffective assistance of counsel. To prevail on such a claim, Lester must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). As to Lester's assertion that his counsel was ineffective for not raising the double jeopardy claim, that issue is without merit, as stated above. His other allegations amount to little more than an assertion that he did not get along with his counsel. The Sixth Amendment does not guarantee a "meaningful relationship" between the defendant and his counsel. Morris v. Slappy, 461 U.S. 1, 13-14 (1983).
 
 
 10
 Finally, Lester argues that his conviction was not based upon sufficient evidence. Evidence is constitutionally sufficient if any rational finder of fact could accept the evidence as establishing each substantive element of the crime. Jackson v. Virginia, 443 U.S. 307, 324 (1979). The evidence must be viewed in a light most favorable to the prosecution, and any conflicts in the evidence must be resolved in favor of the state. Fuller v. Anderson, 662 F.2d 420, 423 (6th Cir.1981), cert. denied, 455 U.S. 1028 (1982). Upon review, we are satisfied that Lester's conviction rested on sufficient evidence. The evidence here included eyewitness testimony.
 
 III
 
 11
 None of the issues raised demonstrate that Lester received a fundamentally unfair trial. Accordingly, we AFFIRM the judgment of the district court.