# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

IRENE ANTONIA RANDAZZO,

      Defendant-Appellee.

UNPUBLISHED
September 20, 2018

No. 339139
Macomb Circuit Court
LC No. 2016-004437-FH

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

The prosecution appeals as of right an order granting defendant's motion to quash and dismiss a charge of first-degree home invasion, MCL 750.110a(2). We affirm.

On June 14, 2016, Quinten Bryant and Scott McDonald entered a home owned by Leslie Ann Simon at about 2:00 a.m., without permission and while she was sleeping. They entered Simon's house through the garage when a guest at the house, Lauren Facca, left through the garage after calling defendant for ride. Upon seeing Bryant and McDonald in her home, Simon began screaming. Simon's grandson, Zachary Williams, immediately came out of his room and yelled at Bryant and McDonald. Simon's daughter, Kimberly Norton, also got involved and fighting broke out among Bryant, McDonald, Williams, and Norton.

Simon called the police and noticed defendant's vehicle parked in front of her house. Simon recognized the vehicle because her grandson, Williams, had a relationship with defendant. After Simon yelled that the police had been called, Bryant and McDonald exited the house and left in defendant's vehicle with defendant and Facca. Both Simon and Norton acknowledged that defendant did not actually come onto the property. Police officers responding to the call saw defendant's vehicle leaving the neighborhood, stopped the vehicle, and arrested its occupants.

In relevant part, defendant was subsequently charged with first-degree home invasion, MCL 750.110a(2), and bound over on a theory of aiding and abetting. Defendant then filed a motion to quash and dismiss the first-degree home invasion charge and the prosecution opposed the motion, arguing that defendant acted as the getaway driver. The circuit court disagreed and granted the motion, holding that there was no evidence that "defendant performed acts or gave encouragement that assisted in the <u>commission</u> of the crime." This appeal followed.

-1-

The prosecution argues that sufficient evidence was presented at the preliminary examination to find probable cause that defendant aided and abetted the first-degree home invasion crime for the purpose of binding defendant over for trial. We disagree.

When reviewing a circuit court's decision on a motion to quash a charge, this Court reviews the record de novo to determine if the district court abused its discretion in binding over a defendant for trial. *People v Green*, 260 Mich App 710, 714; 680 NW2d 477 (2004). A decision that falls outside the range of reasonable and principled outcomes constitutes an abuse of discretion. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (citation omitted).

The preliminary examination functions to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed the crime. *People v Hunt*, 442 Mich 359, 362; 501 NW2d 151 (1993). Probable cause exists if there is sufficient evidence to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). If there is a conflict of evidence that raises a reasonable doubt concerning the defendant's guilt, the issue must be presented to a jury and the defendant must be bound over for trial. *People v Hamblin*, 224 Mich App 87, 92; 568 NW2d 339 (1997).

Defendant was charged with first-degree home invasion as an aider and abettor under MCL 750.110a(2) and MCL 767.39. MCL 750.110a(2) provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

Aiding and abetting is a theory of prosecution "that permits the imposition of vicarious liability for accomplices." *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006). To establish that the defendant aided and abetted, the prosecution must show that "(1) the crime was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." *Id*. (quotation marks and citations omitted). "Aiding and abetting" includes any actions "that may support, encourage, or incite the commission of a crime." *People v Wilson*, 196 Mich App 604, 614; 493 NW2d 471 (1992). Planning in advance to act as a getaway driver for a felon is sufficient to find the defendant guilty of aiding and abetting because such an act concerns the commission of the crime. *People v Hartford*, 159 Mich App 295, 302; 406 NW2d 276 (1987); *People v Karst*, 118 Mich App 34, 39; 324 NW2d

526 (1982). But mere presence at the crime scene is not sufficient, even with knowledge that an offense is being committed. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999).

In this case, the prosecution conceded that there was no evidence that defendant physically entered Simon's home or assaulted any of its occupants. There was sufficient evidence presented at the preliminary examination, however, to show that Bryant and McDonald committed first-degree home invasion when they entered Simon's home and assaulted some of the occupants. But, as the circuit court held, there was no evidence presented which tended to establish that defendant supported, encouraged, or incited the commission of that crime. See *Wilson*, 196 Mich App at 614. There was no evidence that defendant even knew that Bryant and McDonald were going to commit the first-degree home invasion crime or that defendant helped to plan and execute that crime. In fact, the evidence showed that someone at Simon's house, Facca, called defendant and asked for a ride—which is a legitimate reason for defendant being at the house.

There was evidence that defendant was yelling at Williams, with whom she had a dating relationship, but as the circuit court held, there was no evidence that defendant was encouraging McDonald or Bryant to enter the home or assault anyone in the home. And while defendant did drive Bryant and McDonald away from Simon's house, there was no evidence that she knowingly acted as their "getaway" driver. In other words, there was no evidence that she had planned in advance to quickly drive them away from the crime scene after they had committed the crime to aid their escape. See *Hartford*, 159 Mich App at 302. And, further, while it is true that a defendant's state of mind on issues of knowledge and intent may be inferred from even minimal circumstantial evidence, *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008), in this case the evidence was wholly insufficient to permit the inference that defendant either possessed the requisite intent to commit the first-degree home invasion or was a participant in that crime knowing that Bryant and McDonald possessed the requisite intent. See *Robinson*, 475 Mich at 6.

In summary, we agree with the circuit court that sufficient evidence was not presented at the preliminary examination to establish that probable cause existed to bind defendant over on the charge of first-degree home invasion as an aider and abettor. Accordingly, defendant's motion to quash and dismiss the charge was properly granted.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto