*99, 104 (1999); Rusinek v. Schultz, Snyder & Steele Lumber Co., 411 Mich. 502, 508, 309 N.W.2d 163 (1981).*

Finally, I note that the bankruptcy judge's ruling intrudes upon Chase Manhattan's ability to preserve a precise mortgage value in the real property itself, not just in the mobile home fixture. Chase Manhattan, as mortgage holder, is left to the verbal assurances of counsel for appellee that the Trustee will exercise his discretion to determine an "equitable" amount attributable to the real estate. Chase Manhattan filed a mortgage on both the real estate and its fixtures in an amount that was not divisible under the mortgage terms. Invalidating the mortgage security at issue here deprives Chase Manhattan of its ordinary rights as a secured lender under the mortgage on the real property. Clearly the Mobile Home Commission Act does not apply or purport to apply to the real property on which the mobile home is situated.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0016P (6th Cir.)
File Name: 03a0016p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: DAMON J. and REGINA M. KROSKIE,

                *Debtors.*

_____

JAMES W. BOYD, Chapter 7 Trustee,

                *Appellant,*

      *v.*

CHASE MANHATTAN MORTGAGE CORPORATION,

                *Appellee.*

No. 02-1008

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 01-00144—Jo Ann C. Stevenson, Bankruptcy Judge;
Douglas W. Hillman, District Judge.

Argued: October 31, 2002

Decided and Filed: January 14, 2003

Before:  MERRITT and GILMAN, Circuit Judges;
TARNOW, District Judge.[*]

———————

**COUNSEL**

**ARGUED:**  Kelly M. Hagan, ZIMMERMAN, KUHN, DARLING, BOYD, TAYLOR & QUANDT, Traverse City, Michigan, for Appellant.  Michelle K. Clark, TROTT & TROTT, Bingham Farms, Michigan, for Appellee. **ON BRIEF:**  Kelly M. Hagan, ZIMMERMAN, KUHN, DARLING, BOYD, TAYLOR & QUANDT, Traverse City, Michigan, for Appellant.  Michelle K. Clark, TROTT & TROTT, Bingham Farms, Michigan, for Appellee.

GILMAN, J., delivered the opinion of the court, in which TARNOW, D. J., joined. MERRITT, J. (pp. 9-12), delivered a separate dissenting opinion.

———————

**OPINION**

———————

RONALD LEE GILMAN, Circuit Judge.  James W. Boyd, the Chapter 7 bankruptcy Trustee, filed a motion for summary judgment in the United States Bankruptcy Court for the Western District of Michigan that sought to avoid Chase Manhattan Mortgage Corporation's purported lien on a mobile home owned by the Debtors, Damon J. and Regina M. Kroskie.  The bankruptcy court granted the Trustee's motion for summary judgment.  This judgment was reversed on appeal by the United States District Court for the Western District of Michigan, which held that the bankruptcy court had erred in concluding that Chase Manhattan's lien was invalid and therefore avoidable by the Trustee.  For the

———

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

440.9313(3) by saying that the section applies only to priorities, not to the actual creation of security interests. However, MICH. COMP. LAWS § 440.9313(3) expressly states that it applies to the whole of Article 9 of the U.C.C.: "*This article* does not prevent the creation of an encumbrance upon fixtures pursuant to real estate law." Section 440.9302(4), upon which the bankruptcy court and appellee rely, is itself part of Article 9.  As a result, section 9313(3) specifically states that section 9302(4) may not be construed as advocated by appellee.

Fourth, any other construction is at odds with the central premise of the U.C.C.  The Uniform Commercial Code is designed to address secured transaction in goods and commercial paper.  It does not provide the means for securing transactions in real property.  Consequently, when the legislature equated an application for transfer of title under the Mobile Home Commission Act to a financing statement under Article 9 of the Uniform Commercial Code it must be deemed to have intended what it said — that MICH. COMP. LAWS § 125.2330d would do no more than any other financing statement under the U.C.C.

Fifth, even without the legislature's clearly declared limitation on the scope of MICH. COMP. LAWS § 125.2330d, this court would be obligated to presume that the legislature did not intend by adopting the MHCA to abrogate the entire body of real estate law regarding mortgages on fixtures.  As the Michigan Supreme Court stated more than 100 years ago,

The legislature should speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law.  Courts should not be left to construction to sustain such bold innovations.

*Bandfield v. Bandfield, 117 Mich. 80, 82, 75 N.W. 287 (1898), rev'd in part on other grounds.  Hosko v. Hosko, 385 Mich. 39, 187 N.W.2d 236 (1971).  See also Koenig v. City of South Haven, 460 Mich. 667, 677, 597 N.W.2d*

First, as appellee notes, section 440.9302 does not include the filing of a mortgage on a fixture as one of the mentioned exceptions from the requirement of a financing statement. Nevertheless, section 440.9402(6) expressly permits the recording of a mortgage to serve as a financing statement. *See* MICH. COMP. LAWS 440.9402(6) ("A mortgage is effective as a financing statement filed as a fixture filing from the date of its recording if all of the following apply ..."). As a result, financing statements generally do not provide the exclusive means of perfecting a security interest in goods, including fixtures.

Second, the Mobile Home Commission Act itself provides only that a filing under the Act "is *equivalent* to the filing of a financing statement with respect to the security interest under article 9 of the uniform commercial code ..." MICH. COMP. LAWS § 125.2330d (emphasis added.) As previously stated, no dispute exists that under the terms of the U.C.C., the filing of a financial statement ordinarily *is not* exclusive of the filing of a mortgage and does not prevent creation of an encumbrance upon fixtures pursuant to real estate law. *See* MICH. COMP. LAWS §§ 440.9402(6); 440.9313(3). As a result, to conclude that the word "only" in section 440.9302(4) precludes the filing of a mortgage on a mobile home would give MICH. COMP. LAWS § 125.2330d broader effect than an Article 9 financing statement applicable to another sort of fixture. Such an interpretation directly conflicts with the limiting language contained in section 440.9302(4) as well as MICH. COMP. LAWS § 125.2330d, which both declare that application for title under MICH. COMP. LAWS § 125.2330d "is *equivalent* to the filing of a financing statement."

Third, other portions of Article 9 specifically declare that the article may not be interpreted in a manner that precludes the creation of a security interest through the recording of a mortgage. Under MICH. COMP. LAWS § 440.9313(3), the legislature specifically declares that "this article does not prevent creation of an encumbrance upon fixtures pursuant to real estate law." Appellee attempts to distinguish section

reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case with instructions that the judgment of the bankruptcy court be affirmed.

## I.  BACKGROUND

The Kroskies are the owners of a Four Seasons mobile home located on their own land. Approximately 10 months prior to filing for Chapter 7 bankruptcy on November 18, 1999, the Kroskies refinanced their real estate and mobile home by borrowing $80,000 from R-B Financial Mortgages, Inc. R-B Financial secured the debt by recording a traditional mortgage with the Wexford County Register of Deeds on January 21, 1999. Simultaneously, the mortgage was assigned to Chase Manhattan.

The bankruptcy court found that, at the time of the mortgage, the mobile home was situated on a full cement-block crawl-space foundation affixed to the land. In addition, the mobile home was connected to electrical lines, a private well, and a septic system. Both the bankruptcy court and the district court held, and the parties agree, that the mobile home was legally a fixture to the real estate. There is complete disagreement below, however, as to whether a mortgage recorded with the Register of Deeds perfects a security interest in an affixed mobile home under Michigan law.

The bankruptcy court held that Michigan's Mobile Home Commission Act (MHCA), MICH. COMP. LAWS §§125.2301-125.2350, provides the exclusive method for perfecting a security interest in mobile homes. It reached this conclusion based upon the MHCA provision that "[a]fter December 31, 1978, every mobile home located in this state shall be subject to the certificate of title provisions of this act," MICH. COMP. LAWS § 125.2330(1), and the requirement that "an owner named in a certificate of title ... shall immediately execute an application in the form prescribed by the department showing the name and address of the holder of the security interest." MICH. COMP. LAWS § 125.2330d(1)(a). The MHCA created a Mobile Home Commission with whom all certificates of

title and security interests are to be filed. MICH. COMP. LAWS § 125.2303.

Because neither R-B Financial nor Chase Manhattan filed anything with the Mobile Home Commission, the bankruptcy court concluded that Chase Manhattan was an unsecured creditor with regard to the Kroskies' mobile home. The bankruptcy court therefore granted the Trustee's motion for summary judgment. On appeal, the district court reversed the judgment of the bankruptcy court, holding that Chase Manhattan had perfected its security interest in the affixed mobile home when it recorded its mortgage with the Wexford County Register of Deeds. This appeal by the Trustee followed.

## II.  ANALYSIS

### A.  Standard of review

In considering the district court's reversal of the bankruptcy court's decision, we independently review the ruling of the bankruptcy court. *Longo v. McLaren (In re McClaren)*, 3 F.3d 958, 961 (6th Cir. 1993). The bankruptcy court's factual findings will not be set aside unless clearly erroneous, and its conclusions of law are reviewed *de novo*. *Rembert v. AT & T Universal Card Services Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir.), *cert. denied*, 525 U.S. 978 (1998).

### B.  The MHCA provides the exclusive method for perfecting a security interest in a mobile   home

Pursuant to the MHCA, a security interest in a mobile home may only be perfected by filing an application with the Mobile Home Commission. MICH. COMP. LAWS § 125.2330d. Chase Manhattan concedes that it did not comply with the MHCA's filing requirement. Instead, it recorded its mortgage with the Wexford County Register of Deeds, which under general real property principles would perfect its interest in all fixtures on the Kroskies' land. *Sequist v. Fabiano*, 265 N.W. 488, 489 (Mich. 1936). This clash between the MHCA and Michigan's general real

## DISSENT

MERRITT, Circuit Judge, dissenting. I am persuaded that District Judge Hillman's opinion and reasoning is correct and should be affirmed. Here is the crux of his opinion which I would endorse:

The parties agree that no Michigan case law precisely addresses the question before this court. *That question specifically is whether the procedures required under the MHCA preclude the securing of an interest in a mobile home as a fixture on real property through the recording of a mortgage.*

. . . .

I see no conflict between the two provisions. The Mobile Home Commission Act itself does not purport to be the exclusive means of recording a security interest in a fixture on real property. Instead, it provides the means by which mobile home security interests are perfected, whether or not the mobile home is a fixture. No part of the statute suggests that it was intended to override ordinary real estate law, which permits the filing of mortgages to secure an interest in fixtures.

Appellee argues, however, that the exclusiveness of the MHCA is provided by Article 9 of the U.C.C., section 440.9302(4), which declares that financing statements must be filed in all cases except as provided in that section. Appellee contends that, since the filing of a mortgage is not a listed exception, whereas compliance with the MHCA is such exception, the recording of a mortgage is ineffective to provide a security interest.

I disagree. Section 440.9302 must be read in conjunction with the other provisions of Article 9 of the U.C.C.

Trustee.   We hold that Chase Manhattan's interest is avoidable because the Trustee's interest as a statutory judgment lien creditor is superior to that of an unperfected creditor.  MICH. COMP. LAWS § 440.9317(1)(b)(i) (providing that "[a] security interest or agricultural lien is subordinate to the rights of . . . a person that becomes a lien creditor before the . . . time the security interest or agricultural lien is perfected."); *Federal Land Bank of St. Paul v. Bay Park Place, Inc.*, 412 N.W.2d 222, 225 (Mich. 1987) ("As noted by the circuit court, NBD's claim is unperfected and is thus defeated by the judicial liens of Federal Land Bank and Production Credit.").

As the Trustee has pointed out, the bankruptcy law gives him the status of a judicial lien creditor.  Pursuant to Michigan law, an unperfected security interest like Chase Manhattan's is always subject to a judgment lien.  MICH. COMP. LAWS § 440.9301(1)(b)(i) (amended 2000).  Chase Manhattan did not disagree with this part of the Trustee's argument, instead contending that its interest is perfected.  But as discussed above, such a contention requires a convoluted reading of the Michigan statutes that we believe is contrary to a proper analysis of the applicable provisions of both the MHCA and the UCC.

## III.   CONCLUSION

For all of the reasons set forth above, we **REVERSE** the decision of the district court and **REMAND** the case with instructions that the judgment of the bankruptcy court be affirmed.

property law creates the precise issue to be resolved in the case before us.

### 1.   *Interpreting the Michigan statutes and real property law*

The bankruptcy court primarily relied on the fact that the filing requirement of the MHCA and Michigan real property law conflict when it comes to the matter of perfecting an interest in a mobile home affixed to real estate.  This caused the bankruptcy court to look at principles of statutory construction regarding conflicting statutes.  Invoking the principle that a specific statute trumps a more general one when statutes conflict, the bankruptcy court held that the MHCA was the sole method of perfecting a security interest in a mobile home, regardless of its fixture status.  *In re Kroskie*, 258 B.R. 676, 679-80 (Bankr. W.D. Mich. 2001) (*citing Frank v. William A. Kibbe & Assoc., Inc.*, 527 N.W.2d 82 Mich. Ct. App. (1995), for the proposition that a specific statute prevails over a more general one when statutes conflict).

Indeed, the MHCA specifically applies to mobile homes that are permanently affixed to real property.  MICH. COMP. LAWS § 125.2302(g) (defining a mobile home as a structure "built on a chassis and designed to be used as a dwelling *with or without permanent foundation*, when connected to the required utilities") (emphasis added).  This fact renders much of Chase Manhattan's argument about the fixture status of the Kroskies' mobile home irrelevant.  Because the MHCA clearly applies to a permanently affixed mobile home, the bankruptcy court properly utilized the rule of construction pertaining to conflicting statutes.  In other words, the general rule that a security interest in a fixture can be perfected through a properly recorded mortgage on real estate does not govern where, as here, there is a specific statute dealing with mobile home security interests.

Chase Manhattan, on the other hand, attempts to read parts of Michigan's Article 9 of the Uniform Commercial Code (UCC) dealing with fixtures as being in harmony with the

MHCA's provisions. This attempt falters, however, because all security interests in fixtures do not have to be perfected under Article 9 as do all security interests in mobile homes under the MHCA. *Compare* MICH. COMP. LAWS § 440.9302(6) (amended 2000) *with* MICH. COMP. LAWS §§ 125.2330(1), 125.2330d, *and* § 440.9302(4) (amended 2000); *see also In re Bencker*, 122 B.R. 506, 511 (Bankr. W.D. Mich. 1990) ("[T]he specific provisions of [the] Mobile Home Commission Act dictate how legal ownership is transferred, and it governs over the more general provisions of the Uniform Commercial Code."). For the bankruptcy court, this reasoning was persuasive and applicable to the perfection of security interests in mobile homes.

The district court, on the other hand, determined that the real question deals with the interplay between the general principles of real property law, the UCC, and the MHCA. In particular, the district court focused on the following sentence of the MHCA:

> The filing under this section or under section 30a of an application for a certificate of title showing the name and address of the holder of a security interest in a mobile home *is equivalent to the filing of a financing statement with respect to the security interest under article 9 of the uniform commercial code.* . .

MICH. COMP. LAWS § 125.2330d(3) (emphasis added).

The district court reasoned that because the MHCA explicitly provides that a filing pursuant to its provisions is equivalent to the filing of a financing statement under the UCC, this means that alternative methods of perfecting security interests as recognized by the UCC are applicable to mobile homes. In other words, the district court concluded that just because filing under the MHCA was *sufficient* to perfect a security interest in a mobile home did not mean that it was the *exclusive* means of perfecting such an interest. Because the UCC recognizes that a security interest in a fixture can be perfected by a mortgage on the subject real estate in lieu of an Article 9 financing statement, MICH.

COMP. LAWS § 440.9402(6) (amended 2000), the district court determined that this alternative is equally applicable to perfecting a security interest in a mobile home.

We disagree with the district court's conclusion for two reasons. First, it disregards the MHCA provision that mandates compliance with its terms in order to perfect a security interest in a mobile home. MICH. COMP. LAWS § 125.2330d. Secondly, the key Article 9 provision as worded in 1999 expressly provided that "a security interest in property subject to the [MHCA] can be perfected *only* by compliance therewith . . . ." MICH. COMP. LAWS § 440.9302(4) (amended 2000) (emphasis added). The UCC, therefore, expressly rules out the gateway to an alternative means of perfecting a security interest in a mobile home that is generally available to fixtures on real estate. Any other interpretation, including the attempts by both Chase Manhattan and the district court to explain away the unambiguous use of the word "only" in the above-quoted language, strikes us as strained and unpersuasive.

As a final argument, Chase Manhattan urges us to look to the UCC and general property law in cases such as the one before us where no mobile home creditor has made a filing under the MHCA. Adopting its reasoning, however, would give effect to an unauthorized method of perfecting security interests in a mobile home. Such a result would be at complete odds with the Michigan Legislature's clear intent to have the MHCA provide the exclusive method of perfecting such security interests, whether or not the mobile home is affixed to real estate. MICH. COMP. LAWS § 125.2302(g). We therefore find no merit in Chase Manhattan's argument.

### 2.    *The Trustee's interest as a judgment lien creditor trumps Chase Manhattan's unperfected security interest in the mobile home*

For all of the above reasons, we are persuaded that Chase Manhattan did not properly perfect its security interest in the Kroskies' mobile home. This raises the question of whether Chase Manhattan's unperfected interest is avoidable by the